William R. DILLWORTH, Petitioner-Appellant,

v.

J. Hopes BARKER, Chairman of Florida Probation and Parole Commission, Respondent-Appellee.

No. 72-1153

Summary Calendar.[*]

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1972.

---

[*] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

The narrow legal issue on this appeal from the denial on jurisdictional grounds of the writ of habeas corpus is whether a parolee, whose parole is supervised by a receiving state, as the term is defined by the Uniform Act for Out-of-state Parolee Supervision,[1] is "in

Jon S. Rosenberg, Orlando, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen. of Fla., Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

1. F.S.A. 949.07, reads:

949.07 Compacts with other states

The governor is hereby authorized and directed to enter into a compact on behalf of the State of Florida with any state of the United States legally joining therein in the form substantially as follows:

A compact entered into by and among the contracting states, signatories hereto, with the consent of the Congress of the United States of America, granted by an act entitled "An act granting the consent of Congress to any two or more states to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and for other purposes." [1]

1. 18 U.S.C.A. § 420. See History and Source of Law.

The contracting states solemnly agree:

(1) That it shall be competent for the duly constituted judicial and administrative authorities of a state party to this compact (herein called "sending state") to permit any person convicted of an offense within such state and placed on probation or released on parole to reside in any other state party to this compact (herein called "receiving state") while on probation or parole, if

(a) Such person is in fact a resident of or has his family residing within the receiving state and can obtain employment there

(b) Though not a resident of the receiving state and not having his family residing there, the receiving state consents to such person being sent there.

Before granting such permission, opportunity shall be granted to the receiving state to investigate the home and prospective employment of such person.

A resident of the receiving state, within the meaning of this section, is one who has been an actual inhabitant of such state continuously for more than one year prior to his coming to the sending state and has not resided within the sending state more than six continuous months immediately preceding the commission of the offense for which he has been convicted.

(2) That each receiving state will assume the duties of visitation of and supervision over probationers or parolees of any sending state and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees.

(3) That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state; provided however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense.

(4) That the duly accredited officers of the sending state will be permitted to transport prisoners being retaken through any and all states parties to this compact, without interference.

(5) That the governor of each state may designate an officer who, acting jointly with like officers of other contracting states, if and when appointed, shall promulgate such rules and regulations as may be deemed necessary more effectively to carry out the terms of this compact.

(6) That this compact shall become operative immediately upon its ratification by any state as between it and any other

custody" in the receiving state for the purposes of the jurisdictional grant of 28 U.S.C. § 2241.[2]

Appellant Dilworth was convicted in South Dakota of embezzlement. On direct appeal the Supreme Court of South Dakota affirmed. State v. Dilworth, 83 S.D. 363, 159 N.W.2d 795 (1967). The parole authority of the State of South Dakota granted Dilworth parole after service of a portion of his sentence. By virtue of the interstate compact between South Dakota and Florida, appellant was permitted to return to Florida.[3] A peti-

state or states so ratifying. When ratified, it shall have the full force and effect of law within such state, the form of ratification to be in accordance with the laws of the ratifying state.

(7) That this compact shall continue in force and remain binding upon each ratifying state until renounced by it. The duties and obligations hereunder of a renouncing state shall continue as to parolees or probationers residing therein at the time of withdrawal until retaken or finally discharged by the sending state. Renunciation of this compact shall be by the same authority which ratified it, by sending six months' notice in writing of its intention to withdraw from the compact to the other states party hereto. Laws 1941, c. 20455, § 1.

2. ". . . (c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States."

3. UNIFORM ACT FOR OUT-OF-STATE PAROLEE SUPERVISION

*Table Showing States in Which Adopted*

| State | Where Found |
|---|---|
| Alabama | Code 1940, Tit. 42, §§ 27, 28. |
| Alaska | L.1957, c. 138. |
| Arizona | A.R.S. § 31–461. |
| Arkansas | Ark.Stats. §§ 43–2816, 43–2817. |
| California | West's Ann.Pen.Code §§ 11175–11179. |
| Colorado | C.R.S. '53 §§ 74–5–1, 74–5–2. |
| Connecticut | C.G.S.A. §§ 54–132 to 54–138. |
| Delaware | 11 Del.C. §§ 4358, 4359. |
| Florida | F.S.A. §§ 949.07–949.09. |
| Georgia | Code §§ 27–2701a to 27–2702a. |
| Hawaii | R.L.H.1955, Supp.1963, §§ 83–75, 83–76. |
| Idaho | I.C. § 20–301. |
| Illinois | S.H.A. ch. 38, §§ 123–5 to 123–5.3. |
| Indiana | Burns' Ann.St. §§ 9–3001 to 9–3004, IC 1971, 35–8–6–1 to 35–8–6–4. |
| Iowa | I.C.A. § 247.10. |
| Kansas | G.S.1949, 62–2701 to 62–2703. |
| Kentucky | Acts 1956, c. 101. |
| Louisiana | LSA–R.S. 15:574.14. |
| Maine | 34 M.R.S.A. §§ 1721–1763. |
| Maryland | Code 1957, Art. 41, §§ 129–131. |
| Massachusetts | M.G.L.A. c. 127, §§ 151A–151G. |
| Michigan | M.C.L.A. §§ 798.101–798.103. |
| Minnesota | M.S.A. § 243.16. |
| Mississippi | Code 1954 Supp. § 4004.5. |
| Missouri | V.A.M.S. § 549.310. |
| Montana | R.C.M.1947, §§ 94–7901, 94–7902. |
| Nebraska | R.R.S.1943, §§ 29–2637, 29–2638. |
| Nevada | N.R.S. § 88.010 et seq. |
| New Hampshire | RSA § 607.52. |
| New Jersey | N.J.S.A. 2A:168–14 to 2A:168–17. |
| New Mexico | 1953 Comp. § 41–20–8. |
| New York | McK.Correction Law § 224. |
| North Carolina | G.S.1952, §§ 148–65.1, 148–65.2. |
| North Dakota | NDRC 1943, 12–5601, 12–5602. |
| Ohio | R.C. 5149.01–5149.23. |
| Oklahoma | 57 Okl.St.Ann. §§ 347–349. |
| Oregon | ORS 144.610, 144.620. |
| Pennsylvania | 61 P.S. §§ 321, 322. |
| Puerto Rico | 53 L.P.R.A. §§ 637 to 639. |
| Rhode Island | Gen.Laws 1956, §§ 13–9–1 to 13–9–3. |

tion for the writ of habeas corpus was filed with the United States District Court for the Middle District of Florida. The district court, relying on Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) and Rodgers v. State of Louisiana, 418 F.2d 237 (5th Cir., 1969), denied the petition, stating:

"There is doubt that a state prisoner who has been placed on parole is in 'custody' as that word is used in Title 28, U.S.C. § 2241, et seq. Jones v. Cunningham, 371 U.S. 236 [83 S.Ct. 373, 9 L.Ed.2d 285] (1963). Because petitioner is subject to having his parole revoked by either the parole authorities of South Dakota or Florida, F.S. 942. 6F, it could be argued that both this Court and the appropriate South Dakota Federal District Court would be a proper court to consider the petition and have concurrent jurisdiction to hear this matter. However, this Court has jurisdiction over only the Florida Parole and Probation Commission, which if called before this Court to show cause why petitioner is in custody, could not be expected to argue as to the merits of petitioner's allegations. Inasmuch as the proper party who is capable of responding to the allegations is the South Dakota Parole Commission, a party not subject to this Court's jurisdiction, this cause should be dismissed, to be raised before the appropriate District Court in South Dakota. Rodgers v. State of Louisiana, 418 F. 2d 237 (5th Cir. 1969)."

 We agree with the district court's unstated conclusion that jurisdiction under 28 U.S.C. § 2241 attaches by virtue of custody imposed on Dillworth within the district by the Florida Parole and Probation Committee. Jones v. Cunningham, *supra;* Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944); Reed v. Henderson, 463 F.2d 485 (5th Cir., 1972) [Rehearing Denied July 25, 1972]. Cf. Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972); Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). We also agree that the exercise of this jurisdiction may be withheld in these circumstances for reasons of *forum non conveniens.* Reed v. Henderson, *supra.* Where the receiving state does no more than enforce a sending state's parole, it makes little sense to burden the district court for that district, or the attorney general of the receiving state with the defense of a collateral constitutional challenge to the sending state's conviction. Differing considerations immediately arise, however, in circumstances where a receiving state makes extrinsic use of the prior conviction; e. g., for enhancement of its own sentence. Cf. Craig v. Beto, 458 F. 2d 1131 (5th Cir., 1972). A direct corollary of this holding is, however, that should appellant return to the district court after an unsuccessful attempt to invoke the jurisdiction of the United States District Court for the sending jurisdiction, dismissal on *forum non conveniens* grounds would be manifestly inappropriate. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968).

The order of the district court is affirmed.

| | |
|---|---|
| South Carolina | Code 1952 §§ 55–631 to 55–632. |
| South Dakota | SDC Supp. 13.5501–13.5503. |
| Tennessee | T.C.A. § 40–3626. |
| Texas | Vernon's Ann.C.C.P., art. 42.11. |
| Utah | U.C.A.1953, 77–62–39 to 77–62–45. |
| Vermont | 28 V.S.A. § 1101. |
| Virgin Islands | 5 V.I.C. §§ 4631 to 4633. |
| Virginia | Code 1950, §§ 53–288 to 53–290. |
| Washington | RCWA 9.95.270. |
| West Virginia | Code 28–6–1, 28–6–2. |
| Wisconsin | W.S.A., 57.13. |
| Wyoming | W.S.1957, §§ 7–338 to 7–340. |
| United States | May 24, 1949, c. 139, § 129(b), 63 Stat. 107; 4 U.S.C.A. § 112. |