Percy Leo **DOBARD,**
Petitioner-Appellant,

v.

W.E. **JOHNSON,** Warden, Holman Correctional Institution,
Respondent-Appellee.

No. 84–7281.

United States Court of Appeals, Eleventh Circuit.

Jan. 8, 1985.

Rehearing and Rehearing En Banc Denied Feb. 11, 1985.

Clark, Circuit Judge, filed dissenting opinion.

Ralph I. Knowles, Jr., Tuscaloosa, Ala., Barry Friedman, Davis, Polk & Wardwell, Washington, D.C., for petitioner-appellant.

Edward Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GODBOLD, Chief Judge, CLARK, Circuit Judge, and THOMAS *, District Judge.

GODBOLD, Chief Judge:

Under 28 U.S.C. § 2241 (1982) a state prisoner may file a petition for habeas corpus in the federal judicial district in which he is in custody or in the district in which the court was held that convicted and sentenced him.[1] The provision permitting fil-

---

* Honorable Daniel Holcombe Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. Sec. 2241(d):

 (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to

ing in the district of conviction and sentence was added by amendment in 1966.[2]

Petitioner is an Alabama death-sentenced prisoner who was convicted and sentenced to death for murdering a police officer. Because of pretrial publicity the venue for petitioner's trial was transferred from the state court in the county of indictment to the state court in an adjoining county, and petitioner was tried and convicted in the adjoining county. Some of the incidents of sentencing were, in the physical sense, done in one county, some in the other. The county of indictment is located in the federal Northern District of Alabama, the county of trial and conviction in the federal Southern District of Alabama. These facts raise two substantive questions: where could petitioner file a federal petition for habeas corpus under the provision of Sec. 2241(d) that permits filing in the federal district in which the prisoner was convicted and sentenced, and what could the court of filing do with the petition?

Petitioner is in state custody in the federal Southern District of Alabama. He filed his federal habeas petition in the Northern District. The district judge in the Northern District, uncertain whether his court had jurisdiction and venue as the district of conviction and sentence, declined to decide whether his court had jurisdiction to entertain the merits of the petition and instead transferred the case to the Southern District, where unquestionably the case could be entertained based upon place of custody.

Petitioner filed a notice of appeal, contending that the district court could not transfer the case without first determining whether it had jurisdiction to decide the merits. We hold that where substantial incidents of conviction and sentence are divided between two federal judicial districts, either district court is the court of conviction and sentence within the meaning of Sec. 2241(d) and has power to entertain the petition on its merits or transfer it.

In his opinion accompanying the transfer order District Judge Acker of the Northern District described the unusual procedural circumstances of petitioner's case. The murder for which Dobard was convicted and sentenced to death occurred in Sumter County, located in the Northern District. Dobard was indicted in the Circuit Court of Sumter County, and numerous pretrial motions were filed and heard in that court. Because of pretrial publicity, the state circuit judge, ruling from the bench in Sumter County, transferred the trial of the case to the Circuit Court of Marengo County, located in the Southern District.[3]

All files pertaining to the case were sent to the Circuit Court of Marengo County. Various pretrial motions were heard in Sumter County, but counsel have stipulated that after the transfer of the case all orders were entered by the Circuit Court of Marengo County. After the trial and conviction in Marengo County the sentencing hearing required by Alabama law to be held before the judge was heard in Sumter County and petitioner was there orally sentenced to death. The judge signed the sentencing order while in Marengo. Dobard's motion for a new trial was received by the circuit clerk in Sumter and then sent on to be filed in Marengo. The hearing on the new trial motion was conducted in Sumter.

Under these peculiar circumstances the district judge was faced with the question whether the Northern District or the Southern District was the district where Dobard was convicted and sentenced within

---

entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

**2.** P.L. 89–590, 80 Stat. 811.

**3.** The transfer was from one court to another. In Alabama there is a circuit court for each county. Code of Alabama 1975, § 12–11–1. The circuit courts of the counties are divided into judicial circuits. *Id.* Sec. 12–11–2. Unless otherwise provided by law, each circuit court meets at the county courthouse of its county. *Id.* Sec. 12–11–3. Sumter County and Marengo County (and a third county) are in the Seventeenth Judicial Circuit, *id.* Sec. 12–11–2, and the circuit has one judge. *Id.* Sec. 12–17–20.

the meaning of Sec. 2241, or whether both districts might be treated as the district of conviction and sentence, or whether neither district could be.

Judge Acker recognized the potential problem presented by these unusual facts and voiced his concerns. He held:

> While this case presents interesting questions concerning jurisdiction and venue, and tempts the Court to opine on its jurisdiction under this peculiar set of circumstances, no purpose would be served if this cause were allowed to proceed in this Court. Such a decision undoubtedly would be subjected to appellate review and the delay which would accompany that process. What both petitioner and respondent want and deserve is a speedy, federal hearing and decision on the merits. This Court finds that it has jurisdiction over this petition at least for the limited purpose of transfer and that the Southern District certainly has both jurisdiction and venue to hear the merits of the case. This Court will transfer this petition to the United States District Court for the Southern District of Alabama.

The transfer order was entered. The case was assigned to Judge Cox of the Southern District. He entered an order noting his agreement with Judge Acker's view that the transfer order was not appealable. He stated his intention to proceed with adjudication of the habeas petition, and the petition is now being litigated in due course in the Southern District.

We hold that this court has no jurisdiction to entertain an appeal from Judge Acker's transfer order. Although apparently no court has expressly ruled on whether transfer orders under Sec. 2241 are final, courts have fairly consistently held that transfer orders brought under other statutes are not generally final orders for the purpose of appeal. In *Stelly v. Employers National Insurance Co.*, 431 F.2d 1251, 1253–54 (5th Cir.1970), *cert. denied sub nom. Stelly v. Bauer Dredging Co.*, 401 U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971), we held that a case transferred under 28 U.S.C. Sec. 1404(a) (1982) [4] is interlocutory. *See also Matter of Macon Uplands Venture*, 624 F.2d 26, 26–27 (5th Cir.1980). The Third Circuit has recently ruled that these *forum non conveniens* orders do not fall within the exception articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[5] In *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 195 (3d Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983), the Third Circuit held that transfer orders are not easily separable from the merits of the litigation and do not meet the requirement that the order be effectively unreviewable on appeal. We agree.

Moreover, we recently held that transfer orders under 28 U.S.C. § 1631 (1982) [6] are also not final orders and do not fall within the collateral order doctrine of *Cohen.* See *Middlebrooks v. Smith*, 735 F.2d 431, 433 (11th Cir.1984). Relying upon our reasoning in *Stelly, supra,* we held that cases transferred for lack of jurisdiction under Sec. 1631 are as nonappealable and inter-

---

**4.** 28 U.S.C. § 1404 pertains to changes in venue. Paragraph (a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.*

**5.** *Cohen* holds that some orders are reviewable if they "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225–26, 93 L.Ed. at 1536.

**6.** Sec. 1631 states that:

> [w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed ..., and the action or appeal shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

locutory as those transferred under Sec. 1404 for lack of venue.[7]

 If, therefore, in the instant case the district court had decided that jurisdiction under Sec. 2241(d) was not present in the Northern District, the court could have transferred the case to the Southern District under Sec. 1631. That transfer order would not have been appealable. Moreover, even if the district court had determined that jurisdiction and venue were present in the Northern District and had transferred the case pursuant to Sec. 2241(d), the court's order would still not be a final order reviewable by this court. Such a transfer is one between two courts with concurrent jurisdiction and is essentially a *forum non conveniens* determination akin to that made pursuant to 28 U.S.C. § 1404(a) (1982). *See McClure v. Hopper,* 577 F.2d 938, 940 (5th Cir.1978), *cert. denied sub nom. McClure v. Balkcom,* 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979); *Dillworth v. Barker,* 465 F.2d 1338, 1341 (5th Cir.1972); *Reed v. Henderson,* 463 F.2d 485, 487 (5th Cir. 1972). Transfer orders based on *forum non conveniens* determinations, whether brought pursuant to Sec. 1404 or Sec. 2241, are nonreviewable interlocutory orders.

Petitioner seeks, however, to identify finality through another approach. He contends that the refusal of the district court to decide whether it had jurisdiction to determine the merits is within the doctrine of pragmatic or practical finality. *See, e.g., Gillespie v. U.S. Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199, 203 (1964). This effort will not work. Central to this contention is petitioner's argument that the refusal to decide the jurisdiction issue deprived him of the forum of his choice. The contention assumes that petitioner was entitled to a ruling on whether the Northern District was a forum that he could choose. In our holding, *infra,* we agree that the Northern District was one of the available forums of choice. The district court, however, eschewed reaching the unique issue of plenary jurisdiction raised by the facts and instead exercised a more limited power to transfer the case. The court recognized the quicksand into which it would fall if it decided the issue of plenary jurisdiction. No matter how it ruled, the jurisdiction issue would remain alive in any appeal. If it found that it had jurisdiction, retained the case and denied the writ, petitioner could urge on appeal that the district court had no jurisdiction.[8] Counsel for petitioner stated at oral argument that if jurisdiction were found to exist in the Northern District, they could not and would not urge on appeal that the district court lacked jurisdiction. We have confidence in their statement, but jurisdiction cannot be conferred by waiver or non-assertion by counsel, and neither waiver nor non-assertion would affect the duty of this court to search the record for jurisdiction. Nor could counsel's non-assertion bind successor counsel, if there were such.

We hold that while the district court had plenary power over the case (a power it did not decide that it had), it was not required to enter an order defining the outer boundaries of this jurisdiction when it had the power, within those boundaries, to enter a transfer order.

7. *See Middlebrooks,* 735 F.2d at 433. We stated that:

 [w]e find the reasoning of *Stelly* to be persuasive for transfer orders under Sec. 1631 where the transfer is from one district court to another .... The petitioner here is not denied his day in court, but is simply relegated to pursuing his claim in another district court. If his complaint about the transfer is that the court below improperly characterized his claim as falling under 28 U.S.C. Sec. 2255, rather than Secs. 2241 and 2243 as he alleged, he will be free to raise that point in the transferee court and pursue it on appeal after final disposition. Likewise, the petitioner still has means available to properly challenge the transfer order, such as moving the transferee court to retransfer or raising the matter on appeal after final judgment.
 *Id.*

8. Moreover, even if the district court had decided the jurisdiction issue and had determined that jurisdiction did lie in the Northern District, in the furtherance of justice the court would have the power, subject to review for abuse of discretion, to transfer the case to the Southern District as a court of concurrent jurisdiction.

Furthermore, an order to transfer pursuant to Sec. 2241(d) made without first deciding whether or not the district court has jurisdiction to hear the merits of the case is a nonreviewable interlocutory order. There is no justification for distinguishing between transfer orders under Secs. 2241(d), 1404, and 1631 where the jurisdictional question has been answered, and transfer orders under Sec. 2241(d) where the issue is not reached. In both situations the transfer orders are pursuant to statute. The question becomes, therefore, not whether the transfer orders are authorized by statute but whether they are justified by the circumstances. And it is that question, the wisdom of the district court's decision to transfer a case under Secs. 1631, 1404, or 2241(d), that we consistently treat as nonreviewable and interlocutory. "It is hard to see how any order could be less 'final' than one which merely transfers an action for trial from one district to another in the federal judicial system . . . ." *Stelly, supra,* at 1253.

We conclude that we have no appellate jurisdiction, and the appeal must be dismissed.

Petitioner's effort to obtain review of the district court's refusal to rule on its plenary jurisdiction fits better within the concept of mandamus than of appeal, and we treat the notice of appeal and supporting documents as a petition for mandamus. Dobard complains that the transfer order, itself not appealable, was entered by a court that lacked the power to enter the order unless and until it determined that it had plenary jurisdiction, which it declined to do; thus the court arguably acted without power—beyond its jurisdiction—which is a traditional basis for mandamus. But, treating the matter before us as a petition for mandamus, the petition must fail.

Section 2241(d) does not address the situation in which substantial incidents of conviction and sentence occur in each of two federal districts. Congress hardly envisioned a case like this one when it amended Sec. 2241 in 1966 to add the alternative forum consisting of the district within which the court of conviction and sentence was held. Division of incidents of sentence and conviction between two courts, each lying in a separate federal district, obviously is not the usual situation. Yet changes of venue, or other transfers made pursuant to state law, do occur, particularly in cases involving excessive trial publicity. Inevitably some transfers will be to courts located in other federal judicial districts. Indeed, the concept of undue publicity will often necessitate transfer to a court a considerable distance away and beyond the reach of the publicity.

We have no hesitation in saying that if Congress had thought about the matter it would have rejected out of hand any notion that where incidents of conviction and sentence are divided between two federal districts, neither district would be an available forum as the place of conviction and sentence. Likewise, we are equally certain that Congress would not have had in mind that a "divided incident" case would fall into the kind of jurisdictional snarl that has arisen in this case because of uncertainty of the status of the respective districts as the situs (or situses) of conviction and sentence. Nor would Congress have intended that there be preliminary litigation to determine which district has the most contacts with the case. All of these possibilities are antithetical to the concept of habeas as a plain, speedy and efficient remedy, enjoying priority in both trial and appellate courts. 28 U.S.C. §§ 2243, 2248; App. One, ¶ (a)(3), Eleventh Circuit Rules. *See also Lehman v. Lycoming County Children's Services Agency,* 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982); *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). In this case it is petitioner who insists on attempting to proceed in the district of his choice (though, as pointed out above, the insistence might be an empty one, because if he succeeded the court would have the power, subject to review for abuse of discretion, to transfer the case to the Southern District. See n. 8, *supra*). In the next case, when a habeas petitioner has been successful, the state might well contend that the case was filed

and decided in the wrong forum. The Great Writ need not be burdened with these uncertainties.

 The possibilities we have described and rejected are contrary to the congressional intention to create an additional available forum. Congress intended an additional forum (or forums), not a Gordian Knot over availability of the new type of forum. Congress was addressing solutions, not creating problems. Having rejected other possible constructions, we hold that where substantial incidents of conviction and sentence have occurred in each of two federal judicial districts, the alternative forum provision of Sec. 2241(d), though phrased in the singular, would have been intended by Congress to be treated as in the plural. *See* 1 U.S.C. § 1 (1982) ("In determining the meaning of any Act or resolution of Congress, words importing the singular number may extend and be applied to several persons or things . . . ."); *see also U.S. v. Mikelberg,* 517 F.2d 246 (5th Cir.1975) (applying statute to Truth in Lending Act), *cert. denied,* 424 U.S. 909, 96 S.Ct. 1104, 47 L.Ed.2d 313 (1976); *accord Toy Manufacturers of America, Inc. v. Consumer Product Safety Commission,* 630 F.2d 70 (2d Cir.1980). Each of the two courts will, therefore, have jurisdiction along with the concurrent jurisdiction of the district of custody. The district court, having such jurisdiction, may entertain the petition on the merits or may enter a transfer order as provided by Sec. 2241. Therefore, although the district court in this case did not address the jurisdiction issue it acted within its power when it entered the transfer order, because it had plenary jurisdiction.[9]

The dissenting opinion does not correctly state what this court has decided when it says that this decision "gives the district court unbounded discretion to transfer 2241 cases in the same manner they transfer Section 1404(a) cases." Rather what the court decides—and all it decides—is that where substantial incidents of convic-

tion and sentence are divided between two federal district courts, both of such courts have jurisdiction of a habeas corpus petition (along with the concurrent jurisdiction of the district of custody).

The approach of the dissenting opinion would simply proliferate the Gordian Knot. Judge Clark suggests that we make an appellate finding that Northern District of Alabama is the "place of conviction and sentence," an issue not reached by the district court. That finding would cut the Knot for this case. In the next case, however, such a finding would have to be made initially at the district court level, creating in that case the intractable difficulty of having a preliminary trial, followed by possible appeal or mandamus, on the issue of whether the petition has been filed in the correct court.

Petitioner's effort to appeal the order of the district court is DISMISSED. Treating petitioner's effort as a petition for mandamus, the petition is DENIED.

CLARK, Circuit Judge, dissenting:

I respectfully dissent. Like the majority I would treat the notice of appeal as a petition for writ of mandamus. Further, I would reverse and remand the case to the Northern District of Alabama for that court to rule upon whether it has jurisdiction of this case. Instead of deciding whether it had jurisdiction, the district court merely transferred the case to the Southern District of Alabama.

The majority goes astray in deciding this case on the principles that have been enunciated in interpreting 28 U.S.C. § 1404(a) which provides that a district court may transfer any civil action to any other district where it might have been brought for the convenience of the parties and witnesses, and in the interest of justice. The venue provision controlling this case is under 28 U.S.C. § 2241(d) which gives the petitioner

---

9. While we do not rest our decision on this alternative ground, we note that at least one court has held that a district court without jurisdiction under Sec. 2241(d) may transfer the

petition to the appropriate court pursuant to Sec. 2241(d). *See Ayala v. Tubman,* 366 F.Supp. 1268, 1269 (E.D.N.Y.1973).

the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located. 28 U.S.C. § 2241(d). In enacting these amendments, Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of *the underlying controversy.* (emphasis added)

*Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443 (footnotes omitted). The statute, unlike 28 U.S.C. § 1404(a), has the following direction to the district courts:

> The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). The district court in this case did not exercise its discretion, did not consider what was in furtherance of justice and denied petitioner his option under the statute to file the petition in the Northern District of Alabama. This was done without any explanation, exercise of discretion, or stating reasons for transferring it other than some misplaced fear that it might not have jurisdiction of the case.

The report of the Senate accompanying Senate Bill No. 3576 which became subsection (d) of Section 2241 states the following:

> The purpose of the proposed legislation is to allow a person in custody under a judgment and sentence by a state court to petition for a writ of habeas corpus in the federal district court of the district within which the state court was held that convicted and sentenced him.

S.Rep. No. 1502, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.Code Cong. & Ad.News 2968, 2969.

Dobard was charged with committing a crime in Sumter County and was indicted in that county. He was sentenced in that county, all of which occurred in the Northern District of Alabama. The state court transferred trial of the case to adjoining Marengo County where the jury verdict of guilty was returned. Marengo County is in the Southern District of Alabama. Clearly the Northern District of Alabama has jurisdiction of a petition for writ of habeas corpus under these circumstances and under the statute. Just as clearly, Dobard is given the option by the statute of filing his habeas petition in the Northern District of Alabama. The district court erred in not considering whether it had jurisdiction. I would return the case to that court with directions that it consider whether there were any reasons in furtherance of justice why the case should not be retained in the Northern District of Alabama.

I think the majority errs in its treatment of this vital right of a prisoner to have his case heard in the district nearest where the crime occurred and thus where normally the witnesses would be. Habeas corpus, although technically a civil proceeding is for all practical purposes a criminal matter. Therefore, this, although a civil case, is not properly compared to the broader discretion permitted to a district court to transfer a Section 1404(a) case for the convenience of the parties. Here the district court's discretion is bounded by the requirement that the prisoner has the first election and the court must have sound reasons for transferring the venue of a Section 2254 case. Because, as the majority points out, the district court's decision is not an immediate appealable order [1] and because a reviewing court will be reluctant to overturn an otherwise error free habeas decision solely on the grounds of improper transfer of venue, the district court has a particularly heavy burden to consider these motions with care. *See generally* 2 Wright, *Federal Practice and Procedure* § 347, p. 282–83. I am greatly concerned that the majority opinion, the first apparently in the country to consider this problem, gives the dis-

---

**1.** However, we do have jurisdiction to return a petition for a writ of mandamus to correct an abuse of discretion. *See Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 987 n. 9 (11th Cir.1982).

trict court unbounded discretion to transfer 2241 cases in the same manner they transfer Section 1404(a) cases. The majority goes beyond the intent of Congress. For these reasons I dissent.