944 F.2d 912
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PUGET SOUND POWER & LIGHT COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5094.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves to dismiss Puget Sound Power & Light Company's (Puget Sound) appeal from the April 30, 1991 Claims Court order for lack of jurisdiction. Puget Sound opposes. Both parties move for leave to file motions papers in excess of the 10 pages prescribed in Fed.Cir.R. 27(b).
 
 
 2
 Puget Sound filed suit in the Claims Court alleging that the Bonneville Power Administration (BPA), a federal power marketing agency, had breached contracts with it by marketing power outside of the Pacific Northwest region in contravention of the Pacific Northwest Electric Power Planning and Conservation Act, 16 U.S.C. § 839f(c) (Northwest Power Act), and the Act of August 31, 1964, 16 U.S.C. § 837-837h (Preference Act), two statutory provisions incorporated into the parties' contracts by reference. Puget Sound requested money damages based upon the BPA's alleged violation of the two statutory provisions and declaratory relief "that BPA may not in the future sell or exchange power in violation of the Regional Preference Provisions of its contracts with Puget Power."
 
 
 3
 The United States moved to dismiss Puget Sound's complaint for lack of jurisdiction arguing that claims under the Northwest Power Act and the Preference Act are within the exclusive jurisdiction of the United States Court Of Appeals for the Ninth Circuit. The Claims Court, in a 51-page order, agreed, determining that the Northwest Power Act expressly states that BPA's extraregional sales of electrical power constitute final actions by the BPA Administrator subject to judicial review and that the Act mandates that suits to challenge "final actions and decisions taken pursuant to this Act by the Administrator ... shall be filed in the United States court of appeals for the region." 16 U.S.C. § 839f(c). In lieu of dismissal, however, the Claims Court transferred Puget Sound's action to the Ninth Circuit pursuant to 28 U.S.C. § 1631.
 
 
 4
 Here, the United States moves to dismiss Puget Sound's appeal on the ground that it is interlocutory and nonappealable. In response, Puget Sound argues that the transfer order is appealable under the collateral order doctrine.[1] See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). To qualify as a collateral order, an order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). Focusing on the third factor, the Supreme Court has explained that a decision is only effectively unreviewable on appeal after final judgment "where denial of immediate review would render impossible any review whatsoever." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376 (1981) quoting United States v. Ryan, 402 U.S. 530, 533 (1971). The collateral order doctrine is sparingly applied and even then only to "trial court orders affecting rights that will be 'irretrievably lost' in the absence of an immediate appeal." Jeanette Sheet Glass Corp. v. United States, 803 F.2d 1576, 1581 (Fed.Cir.1986) quoting Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430-31 (1985).
 
 
 5
 It is established that a transfer order is interlocutory and generally not appealable under the collateral order doctrine. See e.g., Dobard v. Johnson, 749 F.2d 1503, 1507 (11th Cir.1985); In re Dalton, 733 F.2d 710, 715 (10th Cir.1984); U.S. Tour Operators Ass'n v. Trans World Airlines, 556 F.2d 126, 129 (2d Cir.1977). See generally 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice p 110.13 (2d ed. 1991) (orders granting motions for transfer are interlocutory and do not fall under the collateral order doctrine). This was recently reinforced when Congress enacted a law expressly making certain transfer orders appealable. 28 U.S.C. § 1292(d)(4)(A). The order here is not encompassed by that statute.
 
 
 6
 The collateral order doctrine is not applicable to transfer orders because transfer orders are not "effectively unreviewable on appeal from final judgment." Coopers & Lybrand, 437 U.S. at 468. A denial of immediate review would not "render impossible any review whatsoever." Firestone Tire & Rubber Co., 449 U.S. at 376. The Ninth Circuit may examine whether it has jurisdiction over the case, sua sponte, or by a motion to dismiss.[2] In addition, Puget Sound may obtain review of the jurisdictional issue by moving the Ninth Circuit, the transferee court, to retransfer the case to the Claims Court. See Middlebrooks v. Smith, 735 F.2d 431, 433 (11th Cir.1984); Roofing & Sheet Metal Serv. v. La Quinta Motor Inns, 689 F.2d 982, 989 (11th Cir.1982); D'Ippolito v. American Oil Co, 401 F.2d 764, 765 (2d Cir.1968). Immediate review by the Ninth Circuit of either its own jurisdiction and/or a motion to retransfer constitutes "effective review" for purposes of the collateral order doctrine.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The United States' motion to dismiss Puget Sound's appeal is granted.
 
 
 9
 (2) The United States' and Puget Sound's motions to exceed the page limits are granted.
 
 
 
 [1]
 Puget Sound also asserts review is warranted because this court "implicitly found that it has jurisdiction to review Claims Court transfer orders under § 1631 as final appealable orders" in United States v. John C. Grimberg Co., 702 F.2d 1362 (Fed.Cir.1983) (in banc). However, Grimberg involved an appeal from the denial of a preliminary injunction in conjunction with a transfer order. Grimberg, 702 F.2d at 1363
 
 
 [2]
 The Supreme Court has stated that law of the case principles apply to transfer orders; "if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." Christianson v. Colt Industries Operating Corp., 108 S.Ct. 2166, 2179 (1988). However, there may be situations "in which the transferee court considers the transfer 'clearly erroneous' " and thus dismissal or retransfer for lack of jurisdiction is appropriate. Id