In the Matter of Ricky Lee
GREEN, Petitioner.

No. 94–50667.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1994.

Lynn Lamberty, Tex. Resource Center, Houston, TX, for appellant.

Dan Morales, Atty. Gen., John Jacks, Asst. Atty. Gen., Austin, TX, for appellee.

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

In this capital habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254, the petitioner, Ricky Green, has filed a petition for writ of mandamus that calls upon us to decide which federal district court or courts have jurisdiction. On the basis of a recent decision of this court, we conclude that there is jurisdiction in the Western and Southern Districts of Texas but not in the Northern District of Texas.

I.

In 1989, Green was indicted in Criminal District Court No. 4 of Tarrant County, Texas (a county within the Northern District of Texas), with the capital murder of Steven Fefferman. After jury selection began, the state withdrew its objection to Green's motion for change of venue, which the trial court then granted, and the case was transferred to Travis County, Texas (a county in the Western District of Texas), for trial in the 167th Judicial District Court of that county.

Following a jury trial, Green was found guilty of capital murder in 1990 and was sentenced to death. Venue then was transferred back to the Tarrant County court. The Texas Court of Criminal Appeals affirmed the conviction and sentence. *Green v. State,* No. 71,170 (Tex.Crim.App. Dec. 9, 1992) (unpublished), *cert. denied,* — U.S. ——, 113 S.Ct. 3011, 125 L.Ed.2d 702 (1993). In January 1994, Green applied to the Tarrant County trial court for state habeas relief, which was denied. *Ex parte Green,* No. 26,331–01 (per curiam) (Tex.Crim.App. Apr. 19, 1994).

On August 16, 1994, the Tarrant County trial court scheduled Green's execution for October 4, 1994. On September 19, Green filed, in the Northern District of Texas, a motion for appointment of counsel and stay

of execution.[1] On September 21, the federal court appointed an attorney from the Texas Resource Center as Green's counsel but denied, without prejudice, the request for stay. The court directed Green to file a federal habeas petition by September 27 or tell the court, by that date, that he did not intend to file a petition.

On September 27, Green filed a notice of intent not to file a federal habeas petition. He also filed a motion to withdraw his motion for appointment of counsel and stay of execution, asking the court to rescind its orders made pursuant to that *pro se* filing and to dismiss the habeas proceeding.[2] As justification for the motion, Green stated that his attorney had just discovered that the Northern District court was without jurisdiction. The court then ordered briefing on that issue.

On September 30, Green filed a second state habeas petition in the Tarrant County trial court. On October 3, the Court of Criminal Appeals adopted the trial court's recommendation and denied relief on the procedural ground that the court would not consider the petition while Green's case was pending in federal court. *Ex parte Green*, No. 26,331–02 (Tex.Crim.App. Oct. 3, 1994) (per curiam). On that same date, Green filed a notice of voluntary dismissal of the Northern District habeas proceeding pursuant to FED.R.CIV.P. 41(a)(1).

Also on October 3, at approximately 3:30 p.m., which was about nine hours before his scheduled execution, Green filed a federal habeas petition and motion for stay of execution in the Western District of Texas. The Western District court, on the state's motion, transferred the proceeding to the Northern

District at approximately 5:00 p.m. that same day.

The state then announced that it had no objection to a stay of execution. In this court, Green filed a motion for stay of execution and mandamus actions seeking to compel the return of the case to the Western District. We then entered a stay of execution but took no action on the pending mandamus actions.

On October 4, the Northern District court entered an order concluding, on the basis of *Dobard v. Johnson*, 749 F.2d 1503 (11th Cir. 1985), that the Western, Northern, and Southern Districts of Texas have concurrent jurisdiction to entertain a federal habeas petition from Green. Accordingly, the court reasoned, the transfer from the Western District to the Northern District was proper. The court ordered the state to respond to the federal habeas petition.[3]

## II.

Federal habeas corpus jurisdiction is determined by 28 U.S.C. § 2241(d), which reads as follows in regard to a state containing more than one federal judicial district:

[T]he application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the

---

1. Although the petition indicated that it was filed *pro se*, a representative of the Texas Resource Center acknowledged, in a subsequent telephone hearing transcribed in the record, that the Resource Center had helped Green prepare and file the federal petition.

2. Green's rationale for requesting dismissal of the habeas proceeding, when no explicit request had been made for habeas relief, was that under *McFarland v. Scott*, — U.S. —, — — —, 114 S.Ct. 2568, 2572–73, 129 L.Ed.2d 666 (1994), the filing of the motion for appointment of counsel constituted the initiation of a federal habeas proceeding.

3. Green moved in this court for a stay of the Northern District proceedings pending our ruling on the mandamus petitions. We denied the motion on the ground that it had not been presented, in the first instance, to the district court. Green then moved for a stay in the Northern District. After that court denied the motion, Green once again requested that we grant a stay. We have now done so, and the Northern District proceedings are in abeyance pending our consideration of the jurisdictional issue presented in the mandamus petitions.

application to the other district court for hearing and determination.

Although Green is incarcerated in the Southern District of Texas, which indisputably would have jurisdiction under the statute's plain language, the only dispute here is in regard to jurisdiction in the Western and Northern Districts.

The controversy centers on the meaning of the words "the district within which the State court was held which *convicted and sentenced*" the criminal defendant. (Emphasis added.) Green argues that his case is controlled by this court's recent decision in *Gosch v. Collins*, 20 F.3d 1170 (per curiam) (table), No. 93–8635 (5th Cir. Apr. 6, 1994). We agree.

In *Gosch*, the petitioner was indicted in Bexar County (in the Western District of Texas) but was tried, convicted, and sentenced, on a change of venue, in Victoria County (in the Southern District of Texas). As here, the matter was returned to the county of indictment for post-trial proceedings. The petitioner filed his federal habeas petition in the Western District of Texas, whereupon the district court dismissed the petition for lack of subject matter jurisdiction.

On appeal, a panel of this court concluded that there was no jurisdiction in the Western District, because "under 28 U.S.C. § 2241(d) ... jurisdiction for habeas corpus petitions for Petitioner Gosch lies only in the ... Southern District of Texas." This constitutes an interpretation of the words "within which the State court was held which convicted and sentenced him," to the effect that post-trial proceedings, following sentencing, are not to be considered in determining jurisdiction under § 2241(d).

Accordingly, the present facts—and those in *Gosch*—are easily distinguished from the circumstance in *Dobard*, the authority principally relied upon by the state. There, as here, indictment was in a county within one federal district, but trial, on a change of venue, was in a county within a different federal district. Following trial, "some of the incidents of sentencing were, in the physical sense, done in one county, some in the other." 749 F.2d at 1505.[4]

The petitioner filed his federal habeas petition in the district wherein the indictment occurred. That district court transferred the proceeding to the district where the trial was held. On appeal from the transfer order, the Eleventh Circuit, referring to the "peculiar circumstances" of the case, held "that where substantial incidents of conviction and sentence are divided between two federal judicial districts, either district court is the court of conviction and sentence within the meaning of Sec. 2241(d) and has power to entertain the petition on its merits or transfer it." *Id.*

Obviously, the facts of the instant case are like those in *Gosch* and dissimilar to those in *Dobard*. We are bound by *Gosch* as the precedent of this court. Accordingly, we conclude that jurisdiction lies in the Western District of Texas and not in the Northern District of Texas.

We find it unnecessary, however, to issue a writ of mandamus at this time. The two district courts were dealing with a somewhat novel issue and, in good faith, attempted to comply with the law. We are confident that, in light of this opinion, they now will see to it that this matter is transferred to the Western District of Texas, which in turn will consider Green's habeas petition on the merits.

---

4. The complicated course of proceedings between the two counties was as follows:

> The murder ... occurred in Sumter County.... Dobard was indicted in ... Sumter County, and numerous pretrial motions were filed and heard in that court. [The trial court] transferred the trial ... to Marengo County.... Various pretrial motions were heard in Sumter County, but ... after the transfer ... all orders were entered by the Circuit Court of Marengo County. ... [T]he sentencing hearing ... was heard in Sumter County and petitioner was there orally sentenced.... The judge signed the sentencing order while in Marengo [County]. Dobard's motion for a new trial was received by the circuit clerk in Sumter [County] and then sent on to be filed in Marengo [County]. The hearing on the new trial motion was conducted in Sumter [County].

749 F.2d at 1505.

The petitions for writs of mandamus are DENIED without prejudice.