United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40001

In Re: KLEBERG COUNTY, TEXAS; ROBERT ANDREW BARBOUR, In His
Individual and Official Capacity,

Petitioners.

--------------------
Petition for Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 03-CV-143
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

Petitioners seek a writ of mandamus to bar the district court from proceeding with a plan to allow Respondent, a civil rights plaintiff, to interview a number of the County's confidential informants. We conclude that the district court's plan runs afoul of the confidential informant privilege and cannot go forward as planned. However, we decline to issue the writ of mandamus at this time, as we are confident that the district court will reconsider its ruling in light of this opinion.

I.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This dispute arises from a civil rights suit filed by Plaintiff-Respondent Sarah Jean Hernandez. In 2001, federal border patrol agents stopped Hernandez at a checkpoint and detained her for possession of marijuana. The border patrol agents transferred Hernandez's case to the Kleberg County Sheriff's Office. Defendant-Petitioner Robert Barbour, then a Kleberg County Sheriff's Deputy, took custody of Hernandez to transport her to the county jail. Hernandez alleges that, while en route to the jail, Barbour stopped the car, forced her to submit to nude photographs, and touched her inappropriately. Hernandez further alleges that Barbour retained her personal belongings while she was in jail and, after she had been released from custody, induced her to perform sexual acts before he would return them. Barbour claims that Hernandez consented to be photographed and to the sexual contact, and that he was trying to recruit Hernandez to serve as a confidential informant[1] for Kleberg County.[2]

Hernandez sued Mr. Barbour and the County for violations of her constitutional and civil rights and for various torts. She premises her claims against the County on an allegation that Barbour's behavior in recruiting confidential informants was part

---

[1] Case law refers to "informants" and "informers" interchangeably. We will refer to such individuals as informants.

[2] Mr. Barbour was later convicted of destruction of evidence for destroying the photographs he took of Plaintiff. Mr. Barbour was acquitted of sexual assault and one count of official oppression, and the jury hung on a second count of official oppression.

of a pattern or practice so pervasive that it constituted de facto county policy.

In seeking support for her claim of a pattern or practice, Hernandez sought to discover how other confidential informants had been recruited. In her discovery requests, Hernandez asked the County to "[i]dentify each and every person who was actively serving as an informant for the Kleberg County Sheriff's Department or the Kleberg County District or County Attorney's Office for the last seven (7) years." Hernandez also asked the County to "[i]dentify each and every person solicited, recruited, conscripted, or employed as an informant, confidential or otherwise, by Robert Andrew Barbour during his employment with Kleberg County, Texas." Finally, Hernandez asked the County to produce a copy of "the book," a list of its confidential informants.

The County, seeking to protect the identity of its confidential informants, objected to these requests. Hernandez responded with a motion to compel. The district court granted the motion to compel and ordered the County to release the informants' names subject to a protective order to be agreed upon by the parties. However, the parties could not agree on a protective order.

To resolve the impasse, the district court conducted a telephone conference. Following a discussion during which the district court emphasized that it had already ordered release of

the names, the district court modified its previous order. Instead of releasing the names of all female informants to Hernandez's attorneys, the County would turn over the names to the district court and instruct each informant to appear at the federal courthouse at an appointed time. The district court would question the informant to confirm her identity. Following this confirmation, Plaintiff's counsel would be allowed to question the informant. In light of the alternative—release of the names—the County acquiesced.[3]

Following the conference, the Sheriff's Department began to contact confidential informants to apprise them of the district court's orders. According to the County, none of the informants were willing to appear for fear that their identities would be revealed. The County asked the district court to reconsider its order; the district court refused. The County then sought mandamus in this court on the grounds that the district court's order would violate the County's privilege not to reveal the identities of its confidential informants.

II.

---

[3] The district court regards this acquiescence as an indication that the County waived its objections to the district court's plan. We decline to read counsel's statements as estopping further invocation of the confidential informant privilege for two reasons. First, during the discussion, the district court stated repeatedly that it had already ordered release of the names; therefore, we understand the County to have accepted the most protective plan on the table given the district court's stance on release of the names. Second, although the confidential informant privilege belongs to the government rather than the informant, *Roviaro v. United States*, 353 U.S. 53, 59 (1957), we are wary of abrogating the privilege based on less-than-clear waiver when that waiver has grave implications for the safety of informants.

Mandamus is an extraordinary remedy available only when a district court clearly and indisputably errs and that error is irremediable on ordinary appeal. *In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003). Notwithstanding this exacting standard, when a district court clearly errs in ordering the disclosure of privileged information, mandamus is an appropriate means of relief. *Id.; In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000). Therefore, we must determine whether the district court clearly and indisputably erred in devising its plan for interviewing the informants.

### III.

The confidential informant privilege invoked by the County actually refers to the government's privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The government may invoke this privilege "as a right" and "need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege." *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).

The privilege most often arises in criminal cases, but it also applies to civil cases such as this one. *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 283 (5th Cir. 1987); *Suarez v. United States*, 582 F.2d 1007, 1011 n.4 (5th Cir. 1978). In civil cases, the privilege is stronger because many of the

constitutional rights guaranteed to criminal defendants, which in criminal trials militate in favor of disclosure, do not apply. *Matter of Search of 1638 E. 2nd Street*, 993 F.2d 773, 774-75 (10th Cir. 1993); *Dole v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 372 (7th Cir. 1989).

The privilege does not apply in two instances, neither of which is present in this case. First, the informant privilege does not apply when the disclosure sought will not tend to reveal the identity of the informant. *Roviaro*, 353 U.S. at 60. In its response to the petition for mandamus, the district court argues that the interview process it envisions will adequately protect the identities of the informants.[4]

We disagree. Requiring an informant to appear at a particular time at a particular place is tantamount to revealing that informant's identity. A confidential informant often has had direct personal contact with the person she reported (or is still reporting) to the authorities and is thus recognizable by sight to that person. Any person interested in discerning the identities of confidential informants could easily discern those identities, or at least gain significant clues as to those identities, simply by observing individuals who enter the courthouse during the time

---

[4] As we understand the record, only the district court will view the "book" listing the names all confidential informants used by Kleberg County. So long as only the district court views this information, we see no problem with that portion of the district court's order because such a disclosure would not tend to identify any informant. *See Roviaro*, 353 U.S. at 60. We emphasize, however, that the informant privilege applies if the district court discloses any excerpt, redacted or not, that would tend to identify any informant in any way. *Id.*

period during which interviews are conducted. Even were the dates of the interviews not a part of the public record, the district court's plan would still be too risky. Because Plaintiff Hernandez was caught with illegal drugs, it is conceivable that she or her associates might be interested in identifying those people who aid law enforcement in ferreting out drug-related activity. She need only instruct those associates to monitor the courthouse on the days her attorneys attend.

Second, the informant privilege does not apply when the informant's identity has already been disclosed. *Id.* Hernandez argues that by releasing records listing all persons arrested by Deputy Barbour, the County has already disclosed all its confidential informants. This argument is patently illogical; Barbour did not single-handedly recruit all the County's informants, not all the individuals arrested by Barbour became confidential informants, and not all the informants recruited by Barbour were necessarily arrested by him.

Because we conclude that the privilege applies, we must determine whether the County must nevertheless comply with the district court's order. The informant privilege must "give way" when disclosure is "essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60-61. To determine whether disclosure is required, we balance the government's interest in nondisclosure against the private litigant's interest in disclosure. *Id.* at 62.[5]

---

[5] The factors considered in this balancing test vary according to

The private litigant bears the burden of demonstrating that disclosure is essential. *Valles*, 41 F.3d at 358.

The County's interest in maintaining the confidentiality of its informants is substantial. Informants are a "vital part of society's defense arsenal." *United States v. Sanchez*, 988 F.2d 1384, 1391 (5th Cir. 1993) (quoting *McCray v. Illinois*, 386 U.S. 300, 307 (1967)). As such, the government's interest "relates to both the safety of the informant and the informant's future usefulness to the authorities as a continuing confidential source." *United States v. Orozco*, 982 F.2d 152, 156 (5th Cir. 1993). Compromising the confidentiality of the County's informants, as the district court's plan would almost certainly do, thus raises two serious threats: first, the threat of retaliation faced by the informants themselves; and second, the threat that those informants, realizing that the County can no longer ensure secrecy, will refuse to assist the County with further investigations.

Hernandez's interest in disclosure is flatly inadequate to counterbalance these strong governmental interests. A plaintiff must demonstrate that the disclosure she seeks is "essential." *Roviaro*, 353 U.S. at 61. Plaintiff submits that these confidential informants may have information relevant to her claims. However, "[m]ere conjecture or supposition about the possible relevancy of

context. *Compare United States v. Wilson*, 77 F.3d 105, 111-12 (5th Cir. 1996) (articulating factors for consideration in criminal cases) *with Brock*, 811 F.2d at 283 (articulating factors for consideration in labor dispute). The common denominator of these cases is a balancing of governmental and private interests.

the informant's testimony is insufficient to warrant disclosure."
*Orozco*, 982 F.2d at 155 (quoting *United States v. Gonzales*, 606
F.2d 70, 75 (5th Cir. 1979); *see also Valles*, 41 F.3d at 338; *Local
1942*, 870 F.2d at 373. Hernandez can only speculate that other
confidential informants have information favorable to her cause.
As such, she cannot carry her burden, and the informant privilege
therefore prevails.

IV.

We thus conclude that the district court's plan impermissibly
violated the County's privilege not to reveal its confidential
informants. As this opinion will issue before the planned
interviews, we trust that the district court will stay the
interviews and reconsider its discovery plan in light of the
standards we have articulated. *See Avantel*, 343 F.3d at 324-25.
Because of the extraordinary nature of mandamus, restraint is
appropriate when, as in this case, the district court has in good
faith handled a delicate and novel legal issue but nevertheless run
afoul of controlling law. *See id.; Matter of Green*, 39 F.3d 582,
584 (5th Cir. 1994). We therefore DENY the County's petition for
mandamus without prejudice.