**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12659

Non-Argument Calendar

_____

ARI TEMAN,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,
JIMMY WONG,

Probation Officer,

*Respondents-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cv-22543-RAR

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    25-12659

Ari Teman, pro se, filed a notice of appeal that, liberally construed, challenges the district court's June 18, 2025, order transferring his case to the Southern District of New York under 28 U.S.C. § 1631, as well as its July 31 order denying reconsideration of the transfer. We lack jurisdiction over this appeal.

Appellate jurisdiction generally is limited to final decisions of the district courts. 28 U.S.C. § 1291. "A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (quotation marks omitted). The collateral order doctrine, which is "best understood . . . as a practical construction of [the final decision rule]," allows for appeal of a non-final order if it conclusively resolves an important issue separate from the merits of an action and would be effectively unreviewable on appeal from the final judgment. *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (quotation marks omitted).

"[C]ourts have fairly consistently held that transfer orders . . . are not generally final orders for the purpose of appeal." *Dobard v. Johnson*, 749 F.2d 1503, 1506 (11th Cir. 1985). Further, transfer orders generally do not fall within the collateral order doctrine because they can be effectively raised in an appeal from the final judgment, and the parties challenging them can also move to retransfer their cases. *Middlebrooks v. Smith*, 735 F.2d 431, 433 (11th Cir. 1984). As such, an order transferring a case under 28 U.S.C. § 1631 is not interlocutorily appealable. *Id.* at 432-33 (holding that

25-12659                Opinion of the Court                3

transfer under § 1631 of 28 U.S.C. § 2241 petition characterized as a 28 U.S.C. § 2255 motion was not immediately appealable under the collateral order doctrine).

Here, neither order that Teman challenges is immediately appealable. The orders are not final because they did not dispose of his claims on the merits, instead transferring the case to another district. *See* 28 U.S.C. § 1291; *Dobard*, 749 F.2d at 1506-07 & n.7. Neither order falls under the collateral order doctrine, as Teman could raise the transfer issue in an appeal from the final judgment or move the transferee court to retransfer the case. *See Middlebrooks*, 735 F.2d at 432-33 ("If his complaint about the transfer is that the court below improperly characterized his claim as falling under 28 U.S.C. § 2255, rather than §§ 2241 and 2243 as he alleged, he will be free to raise that point in the transferee court and pursue it on appeal after final disposition."). Thus, we lack jurisdiction over the appeal.

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.