Kimbrough G. **MIDDLEBROOKS,**
Petitioner-Appellant,

v.

William French **SMITH, et al.,**
Respondents-Appellees.

No. 83–7247
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 29, 1984.

John C. Bell, U.S. Atty., D. Broward Segrest, Asst. U.S. Atty., Montgomery, Ala., for respondents-appellees.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

The petitioner, Kimbrough Middlebrooks, filed a habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2243 in the United States District Court for the Middle District of Alabama. The magistrate concluded that because the petitioner's action was more properly characterized as a petition to vacate a sentence under 28 U.S.C. § 2255, and because the petitioner had not brought his motion for relief in the court that sentenced him as required by § 2255, that the action should be transferred to the sentencing court, the United States District Court for the Southern District of Mississippi, pursuant to 28 U.S.C. § 1631. The district court overruled petitioner's objections and adopted the magistrate's recommendation to transfer the case. The petitioner has appealed the district court's order and we must now decide if a transfer order under § 1631 is an appealable interlocutory order.

Section 1631 was enacted as part of the Federal Courts Improvement Act of 1982 and granted broad transfer powers where the district court finds that its jurisdiction is lacking:

> Whenever a civil action is filed in a court as defined in § 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a), which allow a district court to transfer a case if either venue is lacking and transfer would be "in the interest of justice" (section 1406(a)) or for the convenience of the parties and witnesses if it would serve the interest of justice (section 1404(a)).

The former Fifth Circuit in *Stelly v. Employers National Insurance Company,* 431 F.2d 1251 (5th Cir.1970),[1] held that transfers under §§ 1404(a) and 1406(a) are non-appealable interlocutory orders. *See also* Wright & Miller § 3914. The *Stelly* court reasoned that because the transfer did not require the plaintiff to refile his law suit or expose him to the risk that his suit would be barred by the statute of limitations, the transfer order was not a final order which would preclude the plaintiff from having his day in court. *Id.* at 1254. The effect of the transfer order, therefore, was not a final adjudication, because the plaintiff was "still in the federal court although in a different room," *id.* *Accord, Ellicott Machine Corp. v. Modern Welding Co.,* 502 F.2d 178, 180 (4th Cir.1974); *McCreary Tire & Rubber Company v. CEAT,* 501 F.2d 1032, 1034 (3d Cir.1974).

We find the reasoning of *Stelly* to be persuasive for transfer orders under § 1631 where the transfer is from one district court to another.[2] The petitioner here is not denied his day in court, but is simply relegated to pursuing his claim in another district court. If his complaint about the transfer is that the court below improperly characterized his claim as falling under 28

---

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2. We express no opinion on the appealability of a section 1631 transfer order which transfers an action to a court other than a district court and where the possibility of concurrent jurisdiction exists. *Compare Goble v. Marsh,* 684 F.2d 12, 14–15 (D.C.Cir.1982) (holding transfer from district court to Court of Claims under 28 U.S.C. § 1406(c), predecessor statute of § 1631, to be final appealable order) *with Jesko v. United States,* 713 F.2d 565 (10th Cir.1983) (*Goble* only applies where possibility of concurrent jurisdiction exists between district court and Court of Claims). We do recognize that there may be unique circumstances where denial of a transfer motion may have the effect of dismissing the suit and thus would be appealable. *See* Wright & Miller § 3914.

U.S.C. § 2255, rather than §§ 2241 and 2243 as he alleged, he will be free to raise that point in the transferee court and pursue it on appeal after final disposition. Likewise, the petitioner still has means available to properly challenge the transfer order, such as moving the transferee court to retransfer or raising the matter on appeal after final judgment.[3] *See D'Ippolito v. American Oil Co.*, 401 F.2d 764 (2nd Cir.1968). The mere fact that the transferee court is in a different circuit does not affect the appealability of the transfer order. *Stelly*, 431 F.2d at 1253; *D'Ippolito*, 401 F.2d at 765. We thus conclude that the transfer order at issue here does not fall within the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), as further review is not foreclosed.

Having found that the district court's transfer order pursuant to § 1631 is a non-appealable, interlocutory order, the appeal is DISMISSED.

John A. Barley and Bruce P. Anderson, Tallahassee, Fla., for plaintiff-appellant.

**3.** We find it unnecessary to reach the question of whether the transfer order is reviewable by a writ of mandamus or under 28 U.S.C. § 1292(b).

*See D'Ippolito,* 401 F.2d at 765; Wright & Miller § 3935.