ALIMENTA (USA), INC., and Alimenta Processing Corporation, Plaintiffs–Appellants,

v.

Richard E. LYNG,* Secretary of Agriculture, Everett Rank, Executive Vice President, Commodity Credit Corporation, and Commodity Credit Corporation, Defendants–Appellees.

No. 86–8592.

United States Court of Appeals, Eleventh Circuit.

May 9, 1989.

Trammell E. Vickery, Stephen O. Kinnard, Hansell & Post, Atlanta, Ga., for plaintiffs-appellants.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before RONEY, Chief Judge, FAY, Circuit Judge, and ATKINS **, Senior District Judge.

RONEY, Chief Judge:

Plaintiffs Alimenta (USA), Inc. and Alimenta Processing Corp., hereinafter collectively referred to as Alimenta, appeal from a district court order transferring the case to the United States Claims Court. We dismiss the appeal for lack of appellate jurisdiction. Because this case presents several complicated jurisdictional issues, a

---

* The caption has been altered to reflect succession of RICHARD E. LYNG, to Secretary of Agriculture.

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

detailed statement of the proceedings is in order.

Alimenta filed suit in January 1986 in the Northern District of Georgia seeking review of the imposition of $1.6 million in marketing penalties and liquidated damages by the Commodity Credit Corp. (CCC) and the United States Department of Agriculture for alleged violations of the Agricultural Adjustment Act of 1938, the Agricultural Act of 1949, and regulations promulgated under these acts dealing with the importation and exportation of peanuts. Alimenta contended that neither the statutes nor the regulations authorized the imposition of the penalties and sought declaratory and injunctive relief to that effect. Alimenta also sought about $700,000 it contended the Government owed under certain storage contracts that the Government withheld as a setoff against the penalties. Alimenta alleged jurisdiction under the general federal question statute, 28 U.S.C.A. § 1331, and stated that the court would be conducting its review pursuant to the Administrative Procedure Act, 5 U.S.C.A. §§ 701–06. Alimenta also argued to the court that it had exclusive jurisdiction of the action under 15 U.S.C.A. § 714(b) which governs suits against CCC.[1]

The district court on June 16, 1986, transferred the case to the Claims Court implicitly finding that Alimenta's suit was a Tucker Act claim, 28 U.S.C.A. § 1491; *Alimenta (USA), Inc. v. Block*, 636 F.Supp. 850 (N.D.Ga.1986).[2] The court held that the United States was the real party in interest in the case and that the suit's ultimate goal was recovery of more than $10,000, thus divesting the district court of its concurrent jurisdiction with the Claims Court over Tucker Act claims. *See* 28 U.S.C.A. § 1346(a)(2).

On July 16, 1986, Alimenta filed a notice of appeal in the district court, contending the transfer order was directly appealable, but also seeking leave for an interlocutory appeal. On August 22, the Claims Court stayed all proceedings in that court pending resolution of subject matter jurisdiction in this Court. This Court denied Alimenta's request for an interlocutory appeal, but requested briefs on the direct appealability of the transfer order.

After briefing of the jurisdiction issue and oral argument by the parties, this Court in August 1987 transferred the appeal to the Federal Circuit, based on *United States v. Hohri*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987), which held that the Federal Circuit possessed exclusive jurisdiction of a mixed claim involving both the Tucker Act and Federal Tort Claims Act. In May 1988, the Federal Circuit transferred the case back to this Court, holding that it only had jurisdiction over appeals from a district court when the district court's jurisdiction was based on the Little Tucker Act, § 1346(a)(2). Because the district court found it did *not* have jurisdiction under the Little Tucker Act, the Federal Circuit concluded that it likewise did not have jurisdiction over the appeal.

This Court has jurisdiction only over appeals from final orders. 28 U.S.C.A.

---

1. 15 U.S.C.A. § 714b(c) provides in relevant part:

   [The Corporation] [m]ay sue and be sued, but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Corporation or its property. The district courts of the United States, including the district courts of any Territory or possession, shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the Corporation[.] ... Any suit by or against the United States as the real party in interest based upon any claim by or against the Corporation shall be subject to the provisions of subsection (c) of this section to the same extent as though such suit were by or against the Corporation, except that (1) any such suit against the United States based upon any claim of the type enumerated in section 1491 of Title 28, may be brought in the United States Claims Court, and (2) no such suit against the United States may be brought in a district court unless such suit might, without regard to the provisions of sections 714 to 714p of this title, be brought in such court.

2. 28 U.S.C.A. § 1491 provides in relevant part:

   (a)(1) The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

§ 1291. For a decision to be final under section 1291, it ordinarily must dispose of the case on the merits. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). Alimenta argues, however, that this transfer order is reviewable under the collateral order exception to the final judgment rule. *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). For an order to be appealable under the collateral order doctrine, it "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2458. *See Redden v. Director, Office of Workers' Compensation Programs,* 825 F.2d 337, 338 (11th Cir.1987) (per curiam); *Commuter Transp. Sys., Inc. v. Hillsborough County Aviation Auth.,* 801 F.2d 1286, 1289 (11th Cir.1986); *Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater, Inc.),* 734 F.2d 794, 797 (11th Cir.1984).

The collateral order doctrine is a "narrow exception" to the final judgment rule, however, *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), and we hold that it has not been met in this case. Although there is a split among the circuits which have addressed the appealability of a transfer order to the Claims Court, we consider the Tenth Circuit's approach to be the better reasoned.

In *Jesko v. United States,* 713 F.2d 565 (10th Cir.1983), the plaintiffs sued the United States, the Department of Agriculture, Farmers Home Administration, (FHA) and government officers seeking money damages and reinstatement of emergency disaster loans of more than $6 million which had been approved, and then cancelled, by the FHA. The district court found that the suit involved a Tucker Act claim for more than $10,000 and transferred the case to the Claims Court.

The Tenth Circuit rejected the plaintiffs' argument that the transfer order was appealable under *Cohen's* collateral order doctrine, holding that the transfer was not effectively unreviewable on appeal from final judgment. The court reasoned that the jurisdictional issue would be considered by the Claims Court, which could accept jurisdiction or dismiss the case for its absence. Whatever the Claims Court action, it would be a final judgment on the jurisdictional question and would be reviewable by the Federal Circuit. Alternatively, the Claims Court could decide it did not have jurisdiction and transfer the case back to the district court. There, the district court would either dismiss the case or decide it on its merits. Either disposition would also be final and appealable. The court further noted that the alleged inadequacy of the relief available at the Claims Court also could be addressed on appeal and did not serve to transform the transfer order into a final order. *Id.; see also Raines v. Block,* 798 F.2d 377 (10th Cir.1986) (transfer of suit seeking payment-in-kind from Department of Agriculture not appealable).

This reasoning is applicable here. The Claims Court can make a determination as to its own jurisdiction. Such a determination will be reviewable on appeal. As the Tenth Circuit noted, this case is distinguishable from *Goble v. Marsh,* 684 F.2d 12, 14–15 (D.C.Cir.1982) where the court held that the collateral order doctrine applied to a transfer to the Court of Claims, the predecessor of the present Claims Court, when the amount at issue was disputed. The plaintiffs in *Goble* contended that the amount in controversy was less than $10,000 and that the district court thus enjoyed concurrent jurisdiction with the Court of Claims. The appellate court held that because the Court of Claims had jurisdiction regardless of whether the transfer was proper, the correctness of the transfer order would not be effectively reviewable because an error in transferring the case would be deemed harmless.

That is not the situation here. Either this case presents a Tucker Act claim in excess of $10,000 and the Claims Court has exclusive jurisdiction or this is not a Tucker Act claim and the Claims Court has no jurisdiction. The correctness of the trans-

fer will be reviewable upon a final judgment from the Claims Court.

This result is consistent with the reasoning of this Court in *Middlebrooks v. Smith,* 735 F.2d 431 (11th Cir.1984). There the petitioner had filed a habeas corpus petition in the Middle District of Alabama. The district court agreed with the magistrate's recommendation that the case was more properly characterized as a motion to vacate his sentence and that it should be transferred to the sentencing court. This Court found that similar rules should govern a transfer under section 1631, the same section used to transfer in the present case, as have been developed concerning transfer under 28 U.S.C.A. § 1404(a) and 1406(a). *Id.* at 432; *see Ellicott Machine Corp. v. Modern Welding Co.,* 502 F.2d 178, 180 (4th Cir.1974) (28 U.S.C.A. § 1404(a)); *McCreary Tire & Rubber Co. v. CEAT,* 501 F.2d 1032, 1034 (3d Cir.1974) (same); *Wilkins v. Erickson,* 484 F.2d 969, 971 (8th Cir.1973) (same); *see also Dobard v. Johnson,* 749 F.2d 1503, 1506–07 (11th Cir.1985) (28 U.S.C.A. § 2241); *Macon Uplands Venture v. Metropolitan Life Ins. Co. (In re Macon Uplands Venture),* 624 F.2d 26, 27 (5th Cir.1980) (transfer of bankruptcy petition). Relying on *Stelly v. Employers Nat'l Ins. Co.,* 431 F.2d 1251 (5th Cir.1970), *cert. denied,* 401 U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971), this Court held that because the petitioner would not be denied a day in court, but would simply have to pursue the claim in a different forum, the transfer order was not appealable. Petitioner's complaint that the court incorrectly characterized his petition as a motion to vacate his sentence, rather than what he alleged, could be raised in the transferee court and on appeal from a final disposition. *Middlebrooks,* 735 F.2d at 432–33.

Similarly here, Alimenta can argue in the Claims Court that the district court was incorrect in treating its complaint as a Tucker Act claim and that the Claims Court is without jurisdiction to consider the action. The Claims Court disposition of that issue will be reviewable upon final judgment in that court.

The fact that this transfer was not from one district court to another does not require a different result in this case. Although this Court expressed some reservation about this question in *Middlebrooks,* it appeared that the Court was concerned with the very issue that arose in *Goble,* that is, concurrent jurisdiction. *Middlebrooks,* 735 F.2d at 432 n. 2. That is not the case here.

Accordingly, because the decision of the district court to transfer this case to the Claims Court was not a final order, this Court is without jurisdiction over the appeal.

DISMISSED FOR LACK OF APPELLATE JURISDICTION.