981 F.2d 543
 299 U.S.App.D.C. 54, 1992-2 Trade Cases P 70,078
 UKIAH ADVENTIST HOSPITAL, a California not-for-Profit
Corporation, Now Known as Ukiah Valley Medical
Center, and Adventist Health
System/West, a California
not-for-Profit
Corporation,
Appellants,
v.
FEDERAL TRADE COMMISSION, Appellee.
 No. 91-5349.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Oct. 26, 1992.
Decided Dec. 29, 1992.
Rehearing and Rehearing En Banc
Denied March 23, 1993.
 
 [299 U.S.App.D.C. 55] On Appeal from the United States District Court for the District of Columbia.
 Thomas Campbell, with whom James W. Teevans and Richard F. Silber were on the brief, for appellants. Deborah H. Bornstein also entered an appearance for appellants.
 Frederick E. Dooley, Attorney, F.T.C., with whom Jay B. Stephens, U.S. Atty., John D. Bates, R. Craig Lawrence and Fred E. Haynes, Asst. U.S. Attys., J. Mark Gidley, Deputy Asst. Atty. Gen., Catherine G. O'Sullivan and David Seidman, Attorneys, Dept. of Justice, James M. Spears, Gen. Counsel, F.T.C., Jay C. Shaffer, Deputy Gen. Counsel and Ernest J. Isenstadt, Asst. Gen. Counsel, F.T.C., were on the brief, for appellee.
 Before: EDWARDS, SENTELLE and RANDOLPH, Circuit Judges.
 Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.
 HARRY T. EDWARDS, Circuit Judge:
 
 
 1
 Appellants Ukiah Adventist Hospital and Adventist Health System/West ("AHS/West") seek review of an order issued by the District Court, transferring this action to the United States Court of Appeals for the Ninth Circuit. The appellants filed suit in the District Court, seeking to enjoin the Federal Trade Commission ("FTC") from proceeding with an administrative complaint against them for allegedly violating section 7 of the Clayton Act, 15 [299 U.S.App.D.C. 56] U.S.C. § 18 (1988). The District Court, relying on this court's decision in Telecommunications Research and Action Ctr. v. FCC, 750 F.2d 70 (D.C.Cir.1984) ("TRAC" ), determined that it lacked jurisdiction to entertain the action and transferred the case pursuant to 28 U.S.C. § 1631 (1988).[1]
 
 
 2
 We address two questions on appeal. We must first determine whether a transfer order under 28 U.S.C. § 1631 is appealable. Because we reject the appealability of such an order, we must also consider whether there is any basis for this court, under the All Writs Act, 28 U.S.C. § 1651(a) (1988), to issue a writ of mandamus requiring the District Court to rescind the order transferring the case to the Ninth Circuit. On this latter question, we hold that the District Court has not remotely approached the abuse of authority necessary to warrant such a writ. We therefore leave undisturbed the District Court's order transferring this action to the Ninth Circuit.
 
 I. BACKGROUND
 
 3
 In August 1988, Ukiah Adventist Hospital (now known as Ukiah Valley Medical Center), a small, not-for-profit hospital in Ukiah, California, acquired substantially all of the assets of Ukiah Hospital Corporation, which owned and operated Ukiah General Hospital, also located in Ukiah. AHS/West, a major hospital chain, controls or manages 20 not-for-profit corporations, including Ukiah Valley Medical Center, and AHS/West and Ukiah Valley Medical Center have the same board of directors.
 
 
 4
 In November 1989, the FTC issued an administrative complaint against Ukiah Valley Medical Center and AHS/West (jointly, "Ukiah"), charging that it had reason to believe that the acquisition of Ukiah Hospital Corporation violated section 7 of the Clayton Act. Ukiah moved to dismiss the complaint on January 19, 1990, asserting that the FTC lacked jurisdiction under section 7 to challenge assets acquisitions by not-for-profit entities.
 
 
 5
 Shortly after the commencement of the FTC proceeding, Ukiah filed suit in the United States District Court for the Northern District of California, seeking to enjoin the FTC proceeding. On January 30, 1990, the district court dismissed the case, ruling that the FTC had not taken any final agency action that would be subject to judicial review. Ukiah Valley Medical Ctr. v. FTC, 1990-1 Trade Cas. (CCH) p 68,916, at 62,902, 1990 WL 25035 (N.D.Cal. Jan. 30, 1990). The Ninth Circuit affirmed the district court on August 13, 1990. Ukiah Valley Medical Ctr. v. FTC, 911 F.2d 261 (9th Cir.1990).
 
 
 6
 In the interim, on August 2, 1990, an administrative law judge ("ALJ") at the FTC dismissed the administrative complaint against Ukiah, finding that an assets acquisition by a not-for-profit organization could not be challenged under section 7 of the Clayton Act. ALJ Decision at 19, reprinted in Appellants' Appendix ("A.") 91. Exactly one year later, the full Commission reversed the ALJ's decision. Adventist Health System/West, Docket No. 9234 (Aug. 2, 1991), reprinted in A. 26. Because no discovery or hearings had been held on the issue of liability under section 7, the Commission remanded the case for further proceedings.
 
 
 7
 In the belief that the full Commission's decision constituted final agency action, Ukiah filed this suit in the United States District Court for the District of Columbia on September 13, 1991, again seeking a preliminary injunction to halt the FTC proceeding. The FTC moved the court to transfer the case to the Ninth Circuit, or, alternatively, to dismiss the action. On October 17, 1991, the District Court issued [299 U.S.App.D.C. 57] an order denying the motion for a preliminary injunction and granting the transfer motion. Ukiah Adventist Hosp. v. FTC, Civ. Action No. 91-2320, mem. ord. at 2-3, 1991 WL 270181 (D.D.C. Oct. 17, 1991), reprinted in A. 172-73. The trial court found that it was without jurisdiction to entertain the suit, because under15 U.S.C. § 21(c), (d) (1988), the courts of appeals are vested with exclusive jurisdiction to review final cease and desist orders issued by the FTC, and, under this court's decision in TRAC, a district court has no jurisdiction to hear claims for relief from nonfinal agency action if review of final action is vested exclusively in the courts of appeals. Accordingly, the District Court transferred the case to the Ninth Circuit, pursuant to 28 U.S.C. § 1631. Ukiah then filed this appeal.
 
 II. DISCUSSION
 A. Appealability
 
 8
 Ukiah maintains that this court has jurisdiction under 28 U.S.C. § 1292(a)(1) (1988) to review the District Court's denial of a preliminary injunction motion, and under 28 U.S.C. § 1291 (1988) to review what Ukiah believes was a dismissal of the action for lack of subject matter jurisdiction. We find scant authority, however, to support the assertion of appellate review in this court.
 
 
 9
 As a general principle, it is well settled that transfer orders are not appealable final orders. See Wiren v. Laws, 194 F.2d 873, 874 (D.C.Cir.1951); Howard Elec. & Mechanical Co., Inc. v. Frank Briscoe Co., Inc., 754 F.2d 847, 850-51 (9th Cir.1985). Nor are transfer orders reviewable under the collateral order doctrine. See Nordin v. Nutri/System, Inc., 897 F.2d 339, 343 (8th Cir.1990); Nascone v. Spudnuts, Inc., 735 F.2d 763, 772 (3d Cir.1984). This rule against appealability applies to orders under 28 U.S.C. § 1404(a) (1988), transferring a case from one proper venue to another, see Wiren, 194 F.2d at 874; Frank Briscoe, 754 F.2d at 850-51; Ford Motor Co. v. Ryan, 182 F.2d 329, 329-30 (2d Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950), and to orders under 28 U.S.C. § 1406(a) (1988), transferring a case in which venue was laid improperly, see Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 228-30 (3d Cir.1990).
 
 
 10
 Following this settled rule against appealability, several circuits recently have held that no appeal lies from transfer orders issued pursuant to section 1631.[2] See Persyn v. United States, 935 F.2d 69, 72-73 (5th Cir.1991) (transfer from district court to Claims Court); Alimenta (USA), Inc. v. Lyng, 872 F.2d 382, 383-85 (11th Cir.1989) (same); Raines v. Block, 798 F.2d 377, 379-80 (10th Cir.1986) (same); Middlebrooks v. Smith, 735 F.2d 431, 432-33 (11th Cir.1984) (transfer between district courts). In Persyn, for example, the court found a section 1631 order appealable neither as a final order under 28 U.S.C. § 1291, nor as an interlocutory order under 28 U.S.C. § 1292(b) (1988), because--as in this case--the district court had not certified the transfer order for review. See Persyn, 935 F.2d at 72.[3] The decisions in Persyn, Alimenta, Raines and Middlebrooks reflect the common sense view that section 1631 orders are interlocutory for the same reason that venue transfers are: the very purpose of transfer provisions is to allow the case to continue, rather than terminating it. See Middlebrooks, 735 F.2d at 432.[4]
 
 
 11
 [299 U.S.App.D.C. 58] Ukiah suggests three grounds on which we might review the transfer order. We find none of the grounds persuasive. Ukiah first contends that we have jurisdiction under section 1291 because the District Court dismissed the case for lack of subject matter jurisdiction. This argument mischaracterizes the District Court's order, for the court did not dismiss the case. A transfer order keeps the case alive; an order dismissing the case brings the action to an end. See Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, 760 F.2d 312, 317 (D.C.Cir.1985) (instructing district court on remand to dismiss action instead of transferring it).
 
 
 12
 Second, Ukiah relies on our opinion in Goble v. Marsh, 684 F.2d 12 (D.C.Cir.1982), apparently for the proposition that section 1631 transfer orders are appealable in some circumstances. That decision, however, is inapplicable here. In Goble, this court reviewed under the collateral order doctrine a district court order transferring a case to the Court of Claims (now the Claims Court) pursuant to former 28 U.S.C. § 1406(c),[5] which authorized transfer to that court when a case within its exclusive jurisdiction was filed in district court. The dispute in Goble was whether plaintiffs had effectively waived any claims against the Government exceeding $10,000, in which case the district court and the Court of Claims would have had concurrent jurisdiction over the action, and the district court would not have had authority to order the transfer. This court took the appeal on the ground that the transfer order would be otherwise unreviewable. The court apparently reasoned that since the Court of Claims had jurisdiction over the action regardless of the dollar amount in issue, any error in transferring the action would be found harmless should the plaintiffs appeal to the Federal Circuit from a final judgment in the Court of Claims. See id. at 14; Persyn, 935 F.2d at 73 (discussing Goble ).
 
 
 13
 The Goble problem, that concurrent jurisdiction defeats review of a transfer order, does not exist here, so that even were we to extend the reasoning of Goble to section 1631 transfers, the District Court's order in this case would not be appealable. Under our decision in TRAC, the district courts and the courts of appeals do not have concurrent jurisdiction over claims regarding nonfinal agency action. See TRAC, 750 F.2d at 77-78. We therefore find Goble inapplicable. See also Alimenta, 872 F.2d at 384-85 (noting inapplicability of Goble outside context of concurrent jurisdiction); Raines, 798 F.2d at 379 (same); 15A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3914.12, at 725 (2d ed. 1992) ("15A WRIGHT & MILLER") (stating there is little reason to allow appeals of section 1631 orders other than in concurrent jurisdiction context).
 
 
 14
 Finally, Ukiah suggests that the District Court's order to transfer is appealable under 28 U.S.C. § 1292(a)(1) because it also involved the denial of a preliminary injunction. We reject this contention. In Raines, the Tenth Circuit held that where, as here, a plaintiff seeks injunctive relief and the district court transfers the action under section 1631 without reaching the merits of the injunction claim, section 1292(a)(1) does not provide a jurisdictional basis for reviewing the transfer order. See Raines, 798 F.2d at 380. As the court in Raines noted:
 
 
 15
 Contrary to plaintiffs' assertion, the order transferring their action was not equivalent to denial of an injunction. The district court did not reach the merits of plaintiffs' claim, as it must to determine the need for an injunction. Thus 28 U.S.C. § 1292(a)(1) does not provide a basis for our jurisdiction.
 
 
 16
 [299 U.S.App.D.C. 59] Id. We are unable to identify a reasonable basis for departing from the judgment in Raines.
 
 
 17
 We recognize that some courts have held that interlocutory review of an order transferring a case pursuant to section 1404(a) is available where the order also denies a preliminary injunction. See United States Aluminum Corp. v. Kawneer Co., Inc., 694 F.2d 193, 195 (9th Cir.1982); Emerson Elec. Co. v. Black & Decker Mfg. Co., 606 F.2d 234, 237 (8th Cir.1979); Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir.), cert. denied, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977); see also 15 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3855, at 474 (2d ed. 1986) ("[I]f there is an interlocutory appeal from the grant or denial of a preliminary injunction, the appellate court has power, if it sees fit, to consider at that time a ruling on a transfer motion."). This rule has been found inapposite, however, in situations where the merits of the transfer and the preliminary injunction involve separate, independent issues. See Nordin, 897 F.2d at 343. Indeed, the same commentators that advocate reviewability of transfer orders issued with injunctive orders endorse this distinction, and suggest that review is most appropriate when "the transfer and injunction rulings are closely related...." 15A WRIGHT & MILLER, supra, § 3914.12, at 722. In the instant case, the transfer order reflects nothing more than an identification of the proper court, under TRAC, to decide the claim for injunctive relief. The claim for injunctive relief, however, implicates the scope of section 7 of the Clayton Act. These two questions are wholly unrelated.
 
 
 18
 In conclusion, we believe that no appeal lies from the District Court's order transferring this case to the Ninth Circuit pursuant to section 1631.
 
 B. Review on Petition for Mandamus
 
 19
 While transfer orders are not appealable as a general rule, this rule does not foreclose all review of such orders in the transferor circuit. Pursuant to the All Writs Act, this court "may issue all writs necessary or appropriate in aid of" its jurisdiction, including the writ of mandamus. 28 U.S.C. § 1651(a). The Supreme Court has admonished that the remedy of mandamus is "drastic," and should be invoked only in "extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 189-90, 66 L.Ed.2d 193 (1980) (per curiam). Nevertheless, "the writ is available to prevent abuses of a district court's authority to transfer a case." In re Chatman-Bey, 718 F.2d 484, 486 (D.C.Cir.1983). This court has entertained petitions for mandamus to review section 1404(a) transfer orders upon a variety of allegations, including, for example, that the district court lacked power to transfer the case to a court of improper venue, see In re Scott, 709 F.2d 717, 719-20 (D.C.Cir.1983); Relf v. Gasch, 511 F.2d 804, 808 (D.C.Cir.1975), failed to consider the applicable statutory criteria, see Wiren, 194 F.2d at 875, or transferred the case without providing a hearing, see Fine v. McGuire, 433 F.2d 499, 501-02 (D.C.Cir.1970).
 
 
 20
 In this case, Ukiah alleges that the District Court was properly vested with jurisdiction to hear this action; thus, according to Ukiah, the court had no authority to order the transfer, because a section 1631 transfer may only be made if the court lacks jurisdiction. See 28 U.S.C. § 1631; Town of N. Bonneville v. United States Dist. Court, 732 F.2d 747, 750 (9th Cir.1984) (section 1631 transfer may be reviewed under All Writs Act where petitioner alleges that district court has jurisdiction over action). We therefore consider the alleged abuse of judicial authority on Ukiah's petition for mandamus.[6]
 
 
 21
 [299 U.S.App.D.C. 60] Turning to the merits of the transfer,[7] we find that the District Court has not even remotely approached committing the sort of abuse of its authority that would warrant granting a petition for mandamus. There are three elements to a section 1631 transfer: (1) there must be a lack of jurisdiction in the district court, see Ingersoll-Rand Co. v. United States, 780 F.2d 74, 80 (D.C.Cir.1985); (2) the transfer must be in the interest of justice, see id.; and (3) the transfer can be made only to a court in which the action could have been brought at the time it was filed or noticed, see Town of N. Bonneville, 732 F.2d at 750. The District Court's decision in this case satisfies all three requirements, and we therefore find that the court acted well within its authority in transferring the instant action to the Ninth Circuit.
 
 
 22
 First, the court correctly determined that it lacked jurisdiction to entertain the action under this court's decision in TRAC. In TRAC, we held that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals." 750 F.2d at 75 (footnote omitted). This case meets the criteria set out in TRAC for exclusive circuit court jurisdiction. It is undisputed that review of FTC cease and desist orders is committed to the courts of appeals pursuant to 15 U.S.C. § 21(c), (d).[8] See Ticor Title Ins. Co. v. FTC, 814 F.2d 731, 743 (D.C.Cir.1987) (opinion of Edwards, J.). Moreover, the District Court's disposition of this case "might affect the Circuit Court's future jurisdiction," TRAC, 750 F.2d at 75, for if the District Court enjoins the FTC proceeding against Ukiah as requested, "the statutory obligation of a Court of Appeals to review [the FTC's order] on the merits may be defeated...." Id. at 76. The District Court therefore properly found that under TRAC, it was divested of jurisdiction to entertain Ukiah's claim.
 
 
 23
 Ukiah suggests that TRAC does not prohibit parties to FTC proceedings from petitioning district courts for review of challenges to the FTC's jurisdiction, so long as those jurisdictional challenges present purely legal questions, as opposed to mixed questions of law and fact.[9] In making this argument, Ukiah seeks to skirt our broadly worded statement in TRAC that, "[b]y lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power." Id. at 77. Ukiah responds that jurisdictional challenges of the sort it mounts are not within the "class of claims" which are "covered" by the review power conferred on the circuit courts by 15 U.S.C. § 21(c), (d). We reject this argument.
 
 
 24
 To be sure, the question of what constitutes the "class of claims" reserved solely for appellate review under TRAC has not been entirely resolved. In the case of FTC [299 U.S.App.D.C. 61] action, the class of claims is unquestionably not limited, as Ukiah suggests, to final cease and desist orders. If it were so limited, the entire holding and purpose of TRAC would be eviscerated, for TRAC seeks to identify those claims, in addition to claims regarding final agency action, over which the courts of appeals exercise exclusive jurisdiction. TRAC-type cases have tended to focus on one category of nonfinal agency action--unreasonable agency delay. See, e.g., In re Monroe Communications Corp., 840 F.2d 942, 945 (D.C.Cir.1988); Oil, Chem. & Atomic Workers Int'l Union v. Zegeer, 768 F.2d 1480, 1485 (D.C.Cir.1985). But "neither the language nor rationale of [TRAC ]" indicates that its reach is limited to such claims. Ticor, 814 F.2d at 757 (opinion of Joyce Hens Green, J.). Indeed, the TRAC opinion suggested that its holding would apply, for example, to constitutional claims of agency bias and prejudgment. See TRAC, 750 F.2d at 74-75 & n. 23, 77 & n. 30.
 
 
 25
 We find that Ukiah's jurisdictional challenge to the FTC proceeding in this case falls within the class of claims reserved solely for the jurisdiction of the courts of appeals. In reaching this determination, we are guided by language in the TRAC opinion that Ukiah fails to discuss. We suggested in TRAC that a claim for relief relating to nonfinal agency action would fall within the general federal question jurisdiction of the district courts, only "where a denial of review in the District Court will truly foreclose all judicial review...." 750 F.2d at 78. As an example of a situation where a district court might exercise its original jurisdiction over nonfinal agency action, we pointed to Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), where the Supreme Court held that a district court could entertain a claim that the National Labor Relations Board had violated an express statutory command, because the plaintiff had no other means of obtaining review of the agency action. That is not the case here. Ukiah will be free to mount a challenge to the FTC's jurisdiction on review of any final cease and desist order the FTC might issue, and, therefore, denial of review in a district court will not foreclose all judicial review. We thus conclude that a jurisdictional challenge to an ongoing agency proceeding falls within the "class of claims" exclusively vested in the courts of appeals under TRAC.
 
 
 26
 Seeking to avoid the conclusion that TRAC applies to its claim, Ukiah likens its jurisdictional challenge in this action to a constitutional attack on the FTC's enabling statute in an ongoing proceeding, a claim which at least one district court in this circuit found within its jurisdiction under TRAC. See Ticor Title Ins. Co. v. FTC, 625 F.Supp. 747, 749 (D.D.C.1986), aff'd on other grounds, 814 F.2d 731 (D.C.Cir.1987). Ukiah insists that this case, like the constitutional challenge in Ticor, involves a purely legal question that does not, like more fact-intensive agency disputes, require deference to appellate expertise. Ukiah reasons that since the rule in TRAC was grounded in part on the fact that the courts of appeals have developed expertise in review of administrative action, those claims that do not require such expertise for their resolution should not fall within the "class of claims" exclusively vested in the courts of appeals. We find Ukiah's argument unconvincing. Although we intimate no view on whether a constitutional challenge such as that in Ticor would be committed exclusively to the courts of appeals under TRAC,[10] we conclude that a challenge, as here, to the FTC's jurisdiction on statutory grounds does not belong to the "small category of cases," TRAC, 750 F.2d at 78, seeking relief from nonfinal agency action that falls within a district court's general federal question jurisdiction.
 
 
 27
 Our conclusion is supported by compelling policy concerns. Allowing questions of jurisdiction to be "carved out" of ongoing [299 U.S.App.D.C. 62] agency proceedings and challenged in district courts would create an unmanageable body of litigation in the federal courts. By establishing an "agency jurisdiction" exception to the TRAC rule, we would invite an endless stream of suits filed in district courts, followed by appeals to this court, by parties seeking to stall or foreclose agency action. Ukiah's proffered distinction between "purely legal" and "mixed law and fact" jurisdictional questions only exacerbates this concern. Ukiah asks us to draw a line where no line may be drawn--or, just as accurately, where any line may be drawn. As any observer familiar with administrative law knows, the courts have proven notoriously inconsistent in attempting to draw distinctions between questions of fact and law. See generally 5 KENNETH C. DAVIS, ADMINISTRATIVE LAW TREATISE § 29.9, at 365-69 (2d ed. 1984) (describing broad outlines of problem). Even were we to find it easy to draw the suggested distinction in this particular case, we can imagine no reason for adopting such a rule. We therefore hold that all challenges to an agency's jurisdiction in the context of nonfinal agency action lie within the exclusive jurisdiction of the courts of appeals under TRAC.
 
 
 28
 Second, although the District Court did not make an explicit finding on the point, it seems plain that the transfer--in lieu of dismissal--was "in the interest of justice." As we recently noted, "[i]n applying TRAC to a case lodged in the wrong court, the appropriate course, normally, is to transfer...." American Foreign Serv. Ass'n v. Baker, 895 F.2d 1460, 1461 (D.C.Cir.1990); see TRAC, 750 F.2d at 79 n. 37.
 
 
 29
 Finally, we conclude that the District Court correctly determined that the Ninth Circuit was a "court in which the action or appeal could have been brought at the time it was filed or noticed...." 28 U.S.C. § 1631. Under 15 U.S.C. § 21(c), any "person" who has received a cease and desist order from the FTC may obtain review of the order in "the court of appeals ... for any circuit within which [a] violation [of section 7 of the Clayton Act] occurred or within which such person resides or carries on business...." Since the alleged violation of section 7 occurred in California, and since appellants acknowledge that both Ukiah Valley Medical Center and AHS/West are California not-for-profit corporations, any final FTC cease and desist order will only be reviewable in the Ninth Circuit. Since the Ninth Circuit court of appeals has exclusive prospective jurisdiction over the FTC proceeding, it is the only court of appeals, under TRAC, that may review Ukiah's challenge to the FTC's jurisdiction in an ongoing agency proceeding.[11] In sum, we find that the District Court properly transferred the case to the Ninth Circuit, and has not, by any measure, committed an abuse of authority that would necessitate issuing a writ of mandamus.
 
 III. CONCLUSION
 
 30
 We find that while we lack jurisdiction to entertain Ukiah's appeal of the District Court's transfer order, we may nevertheless review that order pursuant to the All Writs Act. Obliging Ukiah's request that we treat its appeal as a petition for mandamus, we deny that petition on the ground that the District Court acted well within the ambit of its authority in transferring this action to the Ninth Circuit under 28 U.S.C. § 1631.
 
 
 31
 So Ordered.
 
 
 
 [1]
 Section 1631 provides:
 Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.
 
 
 [2]
 This provision was enacted as part of the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, § 301(a), 96 Stat. 25, 55 (1982)
 
 
 [3]
 The Persyn court further refused to review the order under the collateral order doctrine. The court noted that interlocutory orders are only appealable under that doctrine if they would be effectively unreviewable on appeal from final judgment. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). The collateral order exception did not apply, the court concluded, because the district court's transfer order would be subject to review in the transferee court. See Persyn, 935 F.2d at 73
 
 
 [4]
 Review of a transfer order in a transferee court is exceedingly limited. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 819, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988). In Christianson, the Supreme Court made clear that a transferee court is not bound by a section 1631 transfer order that the transferee court determines to be " 'clearly erroneous.' " Id. (quoting Arizona v. California, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 1391 n. 8, 75 L.Ed.2d 318 (1983)). The Court stated that such "reversals" should be exceptional, and that "if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." Id
 
 
 [5]
 Law of Sept. 13, 1960, Pub.L. No. 86-770, § 1, 74 Stat. 912, 912 (repealed 1982). Section 1631 now provides authority for such transfers
 
 
 [6]
 Originally, Ukiah merely filed a Notice of Appeal, with no mention of mandamus. This oversight apparently came to Ukiah's attention after the FTC moved for dismissal of the appeal, noting that Ukiah had not petitioned for mandamus. In response to the FTC's motion, Ukiah requested that the "notice of appeal be considered as a petition for a writ of mandamus." Response to Defendant-Appellee's Motion to Dismiss Appeal or for Summary Affirmance or, in the Alternative, Plaintiffs-Appellants' Petition for a Writ of Mandamus at 2. Ukiah repeated this request in its reply brief. See Reply Brief for Appellants at 5 n. 1. We shall treat the appeal in this case as a petition for mandamus, as other circuits have done in similar circumstances. See, e.g., Sierra Rutile Ltd. v. Katz, 937 F.2d 743, 749 (2d Cir.1991) (court finds lack of appellate jurisdiction but treats notice of appeal as petition for writ of mandamus upon appellant's request); Beard v. Carrollton R.R., 893 F.2d 117, 120 (6th Cir.1989) (court treats appeal as petition for mandamus upon request made in appellant's brief)
 
 
 [7]
 On January 8, 1992, this court issued a per curiam order staying transfer of the record to the Ninth Circuit pending appeal, and the case file physically remains with this court. Thus, we have retained jurisdiction to review the transfer order on petition for mandamus
 
 
 [8]
 Section 21(c) provides in part:
 Any person required by [an] order of the commission, board, or Secretary to cease and desist from any ... violation [of, inter alia, section 7 of the Clayton Act] may obtain a review of such order in the court of appeals of the United States for any circuit within which such violation occurred or within which such person resides or carries on business....
 Section 21(d) provides:
 Upon the filing of the record with it the jurisdiction of the court of appeals to affirm, enforce, modify, or set aside orders of the commission, board, or Secretary shall be exclusive.
 
 
 [9]
 Ukiah sets up what it believes is a purely legal challenge to the FTC's jurisdiction, namely, whether section 7 of the Clayton Act extends to assets acquisitions by not-for-profit hospitals
 
 
 [10]
 This court affirmed the district court's decision in Ticor without deciding whether the constitutional challenge at issue "could ever be so separate from the underlying agency proceedings" that the district court could exercise original jurisdiction over the action. Ticor, 814 F.2d at 743 (opinion of Edwards, J.)
 
 
 [11]
 We note that the Ninth Circuit has adopted the holding in TRAC, see, e.g., Clark v. Busey, 959 F.2d 808, 811-12 (9th Cir.1992); Public Util. Comm'r v. Bonneville Power Admin., 767 F.2d 622, 626 (9th Cir.1985), so the District Court was correct in transferring the case to the court of appeals and not the district court