**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-7665**

———————

GEORGE RONALD STALVEY,

                                    Petitioner - Appellant,

        versus

UNITED STATES OF AMERICA; J. R. JAMES,

                                    Respondents - Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CA-99-573-5-BR(2))

———————

Submitted:  April 20, 2000              Decided:  May 4, 2000

———————

Before WILKINS, TRAXLER, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

George Ronald Stalvey, Appellant Pro Se.  Robert Edward Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George Ronald Stalvey, a federal inmate, appeals from the district court's order construing his petition filed pursuant to 28 U.S.C.A. § 2241 (West Supp. 1999) as a motion under 28 U.S.C.A. § 2255 (West Supp. 1999) and transferring his case to the Western District of North Carolina. Stalvey also appeals from the court's order denying his motion for bond pending review of his petition and the court's subsequent order rescinding the order denying bond for lack of jurisdiction due to the transfer. We dismiss the appeal for lack of jurisdiction because the orders are not appealable.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders. See 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); see also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The transfer of a post-conviction petition to another district court is not a final order, nor is it appealable as a collateral order. See Middlebrooks v. Smith, 735 F.2d 431 (11th Cir. 1984). The district court's order denying bond is not a final order because it was rescinded, and the rescission order is not appealable because it does not direct entry of a final judgment as to any substantive claim under Rule 54(b).

Accordingly, we dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions

2

are adequately presented in the materials before the court, and argument would not aid the decisional process.

                                                    DISMISSED