JUDGMENT

PER CURIAM.
This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. See D.C.Cir. Rule 36(b). It is
ORDERED and ADJUDGED that the order of the district court dismissing the complaint for lack of jurisdiction be affirmed.
■ This appeal arises out of an enforcement action by the Federal Energy Regulatory Commission (“FERC”) concerning allegedly manipulative trades of natural gas futures on the New Yoixk Mercantile Exchange (“NYMEX”) by a hedge fund and several employees, including Brian Hunter. On July 26, 2007, FERC also issued an Order to Show Cause (“OTSC”), preliminarily concluding that Hunter and another hedge fund employee sold large quantities of natural gas futures contracts on NYMEX with the intent and effect of driving down the “settlement price” of those contracts. After FERC notified Hunter that it intended to issue an OTSC, he sought declaratory and injunctive relief from the district court to prevent FERC from pursuing an enforcement action against him. He argued that the Commodities Futures Trading Commission (“CFTC”), and not FERC, had exclusive jurisdiction over the allegedly manipulative trades and that FERC lacked authority to bring an enforcement action against a natural person. The district court denied Hunter’s motion for a preliminary injunction and dismissed the complaint for lack of subject matter jurisdiction. Upon de novo review, see Munsell v. Dep’t of Agric., 509 F.3d 572, 578 (D.C.Cir.2007), we affirm.
On appeal, Hunter attempts to ignore both the limits of the ultra vires doctrine and controlling precedent in contending that the district court had inherent jurisdiction to consider his claim that FERC was acting ultra vires. The inherent ultra vires power speaks only to Hunter’s opportunity for judicial review, not his ability to choose which court shall review his case. Congress has vested exclusive jurisdiction in the courts of appeals to review FERC’s orders, pursuant to section 19(b) of the Natural Gas Act, 15 U.S.C. § 717r(b) (“NGA § 19(b)”). Accordingly, Hunter’s reliance on Aid Ass’n for Lutherans v. U.S. Postal Servs., 321 F.3d 1166, 1172-73 (D.C.Cir.2003), where the statute foreclosed all judicial review, is misplaced. See also Dart v. United States, 848 F.2d 217, 225 (D.C.Cir.1988). As explained in Ukiah Adventist Hospital v. FTC, 981 F.2d 543, 550 (D.C.Cir.1992), “[Hunter] will be free to mount a challenge to the [FERC’s] jurisdiction on review of any final [ ] order the [agency] might issue, and, therefore, denial of review in a district court will not foreclose all judicial review.”
*594 Although Hunter contends that his complaint does not challenge any order issued by FERC, he cannot escape the holding in Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75 (D.C.Cir.1984), that “where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court’s future jurisdiction is subject to the exclusive review of the Court of Appeals.” The fact that Hunter argues his jurisdictional points before the agency in his response to the OTSC, see Appendix at 622-23, demonstrates that the “jurisdictional determination” is related and could be raised on appeal of the final order. Hunter’s reliance on Free Enterprise Fund v. Public Company Accounting Oversight Board, 537 F.3d 667 (D.C.Cir.2008), cert. granted, - U.S. ——, 129 S.Ct. 2378, 173 L.Ed.2d 1291 (2009), is misplaced because that case involved the type of collateral attack on an enabling statute that the Ulci-ah court carefully distinguished, id. at 668-69, The jurisdictional determination in the administrative proceeding is not collateral but is “a step toward” the decision on the merits. See FTC v. Standard Oil Co. of Cal., 449 U.S. 232, 246, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41; D.C.Cir. R. 41.