[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13037

Non-Argument Calendar

_____

JOHN DANIEL SMITH,

Plaintiff-Appellant,

*versus*

ASHER KNIPE,
Attorney,
KENNETH KEMP,
Attorney,
TIMOTHY MACE,
Attorney,
ELIZABETH BENTLEY,
Attorney,
JAMES SHENKO, et al.,

2                    Opinion of the Court                    24-13037

Attorney, individually and in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cv-00776-JLB-NPM,

_____

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. John Daniel Smith, proceeding *pro se*, appeals an order from the Orlando Division of the Middle District of Florida transferring his case to that court's Fort Myers Division. However, that order is not immediately appealable. *Compare* M.D. Fla. Local Rule 1.04(b), *with* 28 U.S.C. § 1404(a), *and* 28 U.S.C. § 1406(a); *see* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that non-final orders are only appealable if they "fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception"); *Middlebrooks v. Smith*, 735 F.2d 431, 433 (11th Cir. 1984) (explaining that transfer orders generally do not fall within the collateral order doctrine because they can be raised later, and because the parties challenging them can move to retransfer their cases).

24-13037                  Opinion of the Court                         3

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.