[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-12072

Non-Argument Calendar

_____

ANTONIO AUSTIN HANER, JR.,

Plaintiff-Appellant,

*versus*

ANNA MARIE HOMMINGA,
In Her Individual Capacity,
CITY OF PHOENIX,
A Municipal Entity,
BRADY ASSOCIATE,
In His Individual Capacity,
UNNAMED AGENCIES,
1-5,
JOHN DOES,

2                    Opinion of the Court                    25-12072

1-10,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:25-cv-00629-TKW-HTC

———————————

Before JILL PRYOR, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Antonio Haner, Jr., proceeding *pro se*, appeals the district court's order transferring his case to the U.S. District Court for the District of Arizona under 28 U.S.C. § 1404(a) and its order denying his motion for reconsideration of the transfer.

We lack jurisdiction over Haner's appeal because neither the district court's transfer order nor its denial of Haner's motion for reconsideration, which did not end the litigation on the merits, are final, appealable orders. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that final orders generally end litigation on the merits); *Middlebrooks v. Smith*, 735 F.2d 431, 432-33 (11th Cir.

25-12072                Opinion of the Court                3

1984) (holding that an order transferring a case under § 1404(a) is interlocutory and non-appealable).  Further, neither order is appealable now under the collateral order doctrine because they are not effectively unreviewable on appeal from the final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014); *Middlebrooks*, 735 F.2d at 433 (explaining that transfer orders do not fall within the collateral order doctrine).

All pending motions are DENIED as moot.