**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13988

Non-Argument Calendar

_____

ALLEN BRUCE GOTTLIEB,
PHYLLIS J. GOTTLIEB,

   Individually and as guardian of Jesse H. Gottlieb,

*Plaintiffs-Counter*
*Defendants-Appellants,*

*versus*

ALEXANDER EISEMANN, Esq.,

*Defendant-Counter*
*Claimant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00623-CEM-DCI

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

2                      Opinion of the Court                    25-13988

This appeal is DISMISSED, sua sponte, for lack of jurisdiction. Allen and Phyllis Gottlieb, proceeding pro se, appeal the district court's order transferring their case to the U.S. District Court for the Southern District of New York under 28 U.S.C. § 1404(a).

We lack jurisdiction over the Gottliebs' appeal because the district court's transfer order is not a final order. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment."); *Middlebrooks v. Smith*, 735 F.2d 431, 432-33 (11th Cir. 1984) (holding that an order transferring a case under § 1404(a) is interlocutory and non-appealable). Further, the order is not appealable under the collateral order doctrine because it is not effectively unreviewable on appeal from the final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014); *Middlebrooks*, 735 F.2d at 433 (explaining that transfer orders do not fall within the collateral order doctrine).

All pending motions are DENIED as moot.